# Faulk *et al. v.* Calloway.

*Bill in Equity for Subrogation.*

<table>
<tr><td>123</td><td>325</td></tr>
<tr><td>127</td><td>186</td></tr>
<tr><td>123</td><td>325</td></tr>
<tr><td>130</td><td>511</td></tr>
<tr><td>123</td><td>325</td></tr>
<tr><td>132</td><td>201</td></tr>
<tr><td>133</td><td>631</td></tr>
<tr><td>123</td><td>325</td></tr>
<tr><td>135</td><td>239</td></tr>
<tr><td>123</td><td>325</td></tr>
<tr><td>137</td><td>558</td></tr>
</table>

1. *Alienation of homestead; vendor not estopped by declaration that he had sold the premises.*—Where a deed by a married man conveying his homestead is not acknowledged by his wife separate and apart from him, it is a nullity and conveys no title, (Code, § 2024); and neither the recitals of such deed nor declarations of the grantor that he had sold the premises estop him to reclaim them or institute an action for their recovery.

2. *Equity pleading; bill not multifarious by reason of alternative prayer.*—A bill in equity which does not contain repugnant or inconsistent averments of fact, is not rendered multifarious by a prayer asking for relief in the alternative; each alternative being consistent with the facts averred.

[Faulk *et al.* v. Calloway.]

3. *Equitable assignment by subrogation; when enforced.*—Equitable assignment by subrogation is enforced whenever the person making the payment to remove an incumbrance stands in such relation to the premises or to the other parties, that his interest recognized, either in law or in equity, can only be fully protected and maintained by regarding the transaction as an assignment to him, and the lien of the incumbrance as being kept alive either wholly or in part for his security and benefit; and such payment to remove the incumbrance must not be a purely voluntary act, but an equitably necessary or proper means of securing the interest of the party making it from possible loss or injury.

4. *Same; same; case at bar.*—Where the purchaser of a homestead assumes as a part of the consideration to pay off a mortgage given by his vendor on said premises, if after the payment of said mortgage debt by the purchaser, the vendor seeks to repudiate the sale and to reclaim the premises sold, such purchaser is entitled to be subrogated to the rights of the mortgagee as an equitable assignee of the mortgage so paid by him, and to have a lien declared in his favor, to the extent of the mortgage debt paid by him.

5. *Same; right of assignee to have lien declared for cash consideration and attorney's fees.*—Where the purchaser of lands, in addition to cash paid, assumes as a part of the consideration to pay off a mortgage given by the vendor on said land, if, by reason of the vendor's repudiation of the sale, he becomes entitled to be subrogated to the mortgagee as the equitable assignee of the mortgage paid by him, he is not also entitled to have a lien declared in his favor for the cash consideration paid to the vendor and for an attorney's fee in prosecuting a suit for the establishment of the equitable assignment by subrogation.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellants against the appellee, who had instituted an action of ejectment for the recovery of the possession of certain lands specifically described in the bill against E. L. Faulk, who was holding said lands as the tenant of the complainants. The case as made out by the bill is stated in the opinion.

The defendant demurred to the bill upon the following grounds: 1. Said bill contains two grounds of relief stated in the alternative and each alternative state-

ment is not sufficient to give complainant relief. 2. Said bill contains two alternative statements for relief, one that respondent Calloway has estopped himself from asserting a legal title against complainants, the other that complainants bought the lands in question under a void deed, paid the purchase money, made improvements upon the same, and is, therefore, entitled to a lien upon said lands for the purchase money so paid and the improvements so made, and that each of said statements are not sufficient to give complainants relief. 3. Said bill contains two alternative statements for relief, one that respondent is estopped from setting up a legal title against complainants and the other that complainants paid an incumbrance upon said lands, towit, a mortgage given by respondent to Koonce, and is entitled to be subrogated to the rights of said Koonce for the money so paid by him, and that each alternative statement is not sufficient to give complainants relief. 4. Complainants by said bill seek to be subrogated to the rights of J. S. Koonce in the mortgage executed by respondent to said Koonce, and fails to allege therein that they paid the amount due on said mortgage by agreement with either said Koonce or respondent. 5. Said bill shows upon its face that the lands embraced in said mortgage and involved in this suit, was the homestead of J. D. Calloway and occupied by him as such at the time of the transaction against which relief is sought. 6. Said bill seeks to enforce a specific performance between respondent and complainants, and fails to allege that respondent has made an agreement of any kind with complainants, or that complainants have any rights in any contract made by respondent with any one else which can be specifically enforced. 7. Said bill fails to show by its allegations that complaininats have any interest or rights in the contract made by respondent with A. L. Payne to the lands described in said bill. 8. Said bill seeks to enforce a vendor's lien for purchase money paid and improvements made upon the lands described in the bill, and fails to allege any facts that show that this respondent is liable to them for the money so paid and the improvements so made.

Upon the submission of the cause upon the demurrer, the chancellor rendered a decree sustaining it. The complainants appeal from this decree, and assign the rendition thereof as error.

H. A. PEACE, for appellant.—The respondent is estopped to set up his legal title as against the complainants and equity will grant relief.—*Nelson v. Kelly,* 91 Ala. 569; *Franklin v. Pollard Mill Co.,* 88 Ala. 318; *Hendricks v. Kelly,* 64 Ala. 388; Big. on Estop. 44; 1 Green on Evidence, § § 27, 207. If respondent is not estopped then complainants are entitled to subrogation to all valid liens- discharged and to a lien on the land for all money paid for the same and the value of improvements made.—*Bolman v. Lohman,* 74 Ala. 507; *Baptiste v. Peters,* 51 Ala. 158; *Hickson v. Lingold,* 47 Ala. 449.

The bill is not multifarious, nor are the grounds of relief stated in the alternative.—*Hardin v. Swoope,* 47 Ala. 276; *McCarthy v. McCarthy,* 74 Ala. 546; *Florence Gas & Light Co. v. Hanby,* 101 Ala. 15; *Lyons v. McCurdy-,* 90 Ala. 497.

ESPY & FARMER, *contra.*—It is quite difficult to say from the reading of the bill in this case whether they seek to enforce the lien under the doctrine of conventional subrogation or under the doctrine that when a specific performance of an agreement with reference to land cannot be enforced that the person who is in possession of the lands and has made improvements thereon and paid part of the purchase money can have a lien fastened on the same for the money so paid and improvements so made. The bill clearly states two alternatives for relief and unless complainants are entitled to relief on both grounds as stated then the bill is bad on demurrer.—*Allen v. Caylor,* 120 Ala. 251.

Appellee is not estopped on the facts stated in the bill from setting up a legal title in a court of law against complainants. The bill alleges that at the time respondent made the statements upon which complainants rely for recovery that he occupied the lands with his family as his homestead. This being true the doctrine of estoppel cannot apply. It has been settled in numerous

[Faulk *et al.* v. Calloway.]

cases in this state that a man cannot estop himself with reference to his homestead even by deed.—*Crim v. Nelms*, 78 Ala. 604; *Moses v. McCain*, 82 Ala. 370; *Alford v. Lehman, Durr & Co.*, 76 Ala. 526; *Halso v. Seawright*, 65 Ala. 431; *Miller v. Marx*, 55 Ala. 332; *McGuire v. Van Pelt*, 55 Ala. 344.

TYSON, J.—The case made by the bill may be stated to be: Complainants purchased the lands for which their tenant is sued by the respondent in an action of ejectment, from one Payne, who executed them a deed. Calloway, the respondent, sold the lands to Payne while in the actual possession of them as his homestead and executed a deed, which was also signed by his wife, but there was no separate and apart acknowledgment by her as required by the statute in cases of sales of the homestead.

Prior to the sale to Payne, Calloway and wife had executed a valid mortgage upon these lands to one Koonce, and the consideration of the sale to Payne was the assumption by him of the payment of this mortgage debt. The consideration of the sale by Payne to the complainants, was $50 in cash and the assumption by them of this mortgage debt.

The respective sales of Calloway to Payne and Payne to the complainants were within a short period of time of each other; only thirty days apart. Calloway left the lands, moving to the State of Florida, and the complainants went into the possession of the lands immediately upon their purchase in January, 1893, after paying to Koonce the mortgage debt which they assumed to pay.

The bill, besides praying for general relief, contains two alternative special prayers. The first is, for a decree divesting the legal title to the land out of Calloway and investing it in the complainants, and the other is to have a lien declared in their favor upon the lands for the two hundred dollars they paid Koonce, in discharging the mortgage debt owing him by Calloway, the fifty dollars paid by them to Payne, the value of the improvements made by them upon the lands, the sum of fifty dollars as a reasonable attorney's fee incurred by

them for prosecuting this suit; the land be sold to satisfy the lien sought to be declared, and enjoining the action of ejectment.

The chancellor sustained a demurrer to the bill, and this appeal is prosecuted by the complainants to review his decree.

Before, however, entering into a discussion of the legal principles governing this case and applicable to the facts as set out above, it will be well to advert to an allegation of the bill upon which great stress is laid by counsel in their briefs. It is in these words: "That on the day of the sale by Calloway, E. L. Faulk, the father of orators and acting for them, went to said Calloway, while the latter was still on the lands involved and prior to his actual removal of his family therefrom, and told him that he had come to buy the land, that Calloway then informed him that he was too late, that he had sold the land to Payne and had made the latter a deed to the same, that a few days later the said E. L. Faulk relying upon the statement made by Calloway bought the said hereinbefore described lands for your orators from the said Payne."

The theory of appellee's counsel seems to be that the only purpose which this allegation can possibly serve is to assert an estoppel against their client so as to preclude him from prosecuting his ejectment suit. In this, we conceive they are mistaken, which will appear from what we will say later on in this opinion.

The deed made by Calloway to Payne, attempting to convey his homestead, not being acknowledged by his wife separate and apart from him, was a nullity and conveyed no title; and its recitals, or his declarations that he had sold the lands, cannot operate as an estoppel against him to reclaim them, or institute an action for their recovery.—Code, § 2034, and authorities cited thereunder.

While the facts alleged in the bill will not afford the relief asked for in the first special prayer relating to divesting the title to the lands out of Calloway, yet because the other special prayer seeks to have a lien declared upon the land, inconsistent with the first this does not render the bill multifarious. It is the alter-

native statement of fact in a bill when repugnant and inconsistent and not the alternative relief prayed, that renders a bill subject to demurrer for multifariousness. *Lyons & Co. v. McCurdy*, 90 Ala. 497.

The material and important question involved in this case is, have complainants the right under the facts to be subrogated to the rights of Koonce as the owners of the mortgage? It may be stated that it is practically the universal rule governing equitable assignment by subrogation as to the persons or class of persons in whose favor such equitable assignment exists, that equity does not admit the doctrine in favor of every person who pays off a mortgage debt. "Such relations must exist towards the mortgaged premises or with the other parties, that the payment is not a purely voluntary act, but is an equitably necessary or proper means of securing the interest of the one making it from possible loss or injury. The payment must be made by or on behalf of a person who had some interest in the premises, or some claim against other parties which he is entitled, in equity, to have protected and secured. * * The doctrine is also justly extended by analogy to one who, having no previous interest and being under no obligation, pays off the mortgage or advances money for its payment, at the instance of a debtor party and for his benefit; such a person is in no true sense a mere stranger and volunteer."—3 Pom. Eq. § 1212. To state the proposition more broadly: "This equitable doctrine which is a particular application of the broad principle of subrogation is enforced whenever the person making the payment stands in such relation to the premises or to the other parties that his interests, recognized either by law or by equity, can only be fully protected and maintained, by regarding the transaction as an assignment to him and the lien of the mortgage as being kept alive, either wholly or in part, for his security and benefit."—3 Pom. Eq., § 1200.

One of the most familiar instances of the application of the doctrine of subrogation is where the purchaser of incumbered property, without having assumed the incumbrance pays it off, in order to protect his own interest or to protect his own title. This right of subro-

gation will not be affected by the circumstance that the purchaser's title subsequently fails, when the payment was made in the belief that he was the owner of the property purchased.

It may be said that the facts alleged in the bill do not bring the case made by it within these principles for the reason that the complainants assumed or promised to pay the mortgage debt owned by Koonce. That the payment by them was simply a discharge by them of their own obligation which must of necessity result in the extinguishment of the mortgage lien. Unquestionably this contention would be true, if the respondent has seen fit to stand by his contract of sale and not to have repudiated it. They did agree to pay this mortgage debt and actually paid it under an agreement, believed by them at the time, to be supported by a consideration and binding. The respondent could have by standing by his contract of sale, which however, was optional with him under the circumstances, put an end to all liability upon the mortgage debt. He could have, had he chosen, treated their promise to pay as a binding one and forever precluded them as against him from asserting any claim or demand arising out of the payment by them of the mortgage debt. This assumption by them being for his benefit, relieving him of a personal valid obligation, his lands of a subsisting valid lien upon them, he will not be permitted to abrogate the contract as to himself and insist that they are bound by their assumption to pay his debt. The consideration for their promise having failed, they are no longer bound by it. Having contracted on the faith of getting a good title to the lands and this being the consideration which induced the purchase, it would certainly be iniquitous to hold them bound by a promise resulting to the benefit of the respondent who now claims the lands of them upon the ground that they got nothing, no title, by their purchase. Nor is it of consequence that the contract of assumption by them was between these complainants and Payne, the purchaser from Calloway. Their promise enures exclusively to Calloway's benefit, and was made upon the faith of his contract with Payne. They are privies by contract under Payne with him.

The principle we have announced is recognized in the doctrine so tersely stated in 24 Am. & Eng. Encyc. of Law, 257, which is in this language: "It is held that if the purchaser expressly assumes to pay the incumbrance, he thereby becomes the principal debtor, primarily and absolutely liable for the debt, and may not be subrogated to the benefit of the incumbrance upon making payment according to his contract. And generally speaking, to entitle a purchaser to subrogation the claim which he satisfies must be such as would be enforceable against the land in his hands. If the purchaser's title fails, and the purchase money has been applied to the payment of liens and incumbrances on the property, he will be subrogated to the rights of the holders of such claims."

So too the position we take is fully sustained by the following authorities: *Sidener v. Hawes*, 37 Ohio St. 532; *Cockrum v. West*, 122 Ind. 372; *Muir v. Berkshire*, 52 Ind. 149; *Dillow v. Warfel*, 71 Ia. 106; *The St. L. & S. Coal and Mining Co. v. The S. Coal & Mining Co.*, 116 Ill. 170; *Temperance House v. Fowle*, 22 Ore. 303; *Wade v. Beldmeir*, 40 Mo. 486; *Mallory v. Dauber*, 83 Ky. 239; *Hobgood v. Schuler*, 44 La. Ann. 537; *Browne v. Davis*, 109 N. C. 23; *Caldwell v. Palmer*, 6 Lea (Tenn.) 652; 2 Jones on Mortgages, § 1902.

In the case of *Valle's Heirs v. Fleming's Heirs*, the held, a *bona fide* purchaser at a mortgagee's sale which proves defective, is, after paying the purchase money, subrogated to the rights of the mortgagee. The mortgage is in equity regarded as assigned to such purchaser, even if the mortgagee's deed to him does not contain language amounting to a legal assignment. Such purchaser is not a stranger to the estate, but is equitably subrogated to the mortgagee's rights.

In *Kelly v. Duff*, 61 N. H. 435, where a person, erroneously supposing he had an interest in an estate, paid off a mortgage thereon, it was held that he was entitled to be treated as an equitable assignee of the mortgage.

In the case of *Valle's Heirs v. Fleming's Heirs*, the Supreme Court of Missouri (29 Mo. 152, 77 Am. Dec. 557), after reviewing at great length many decisions of other courts, held that a *bona fide* purchaser, without

notice, of land at an administrator's sale which is void because not in compliance with the statute, who pays the purchase money which is applied to the payment of a mortgage on the land, will be subrogated to the rights of the mortgagee to the extent of the money so applied; and the owner of the legal title will not be entitled to recover possession until he repays the purchase money. Upon such sale of land void for irregularity, the owner will not be allowed to recover the land and retain the purchase money, and whether this equity be administered in the name of compensation or by substituting the purchaser in the place of the creditor whose debt he has paid or by giving him the benefit of the mortgage which his money has paid off, is not material. Says the court: "Nothing could be more unjust, we may repeat, than to permit a person to sell a tract of land and take the purchase money, and then, because the sale happens to be informal and void, to allow him to recover back the land and keep the money. Any code of law which would tolerate this would seem to be liable to the reproach of being a very imperfect or a very inequitable one. We think that, upon well established principles of equity law, the owner of the land should, if he wishes to get it back, repay the purchase money, which he has received or which he will receive if he gets the land. This may be done upon the compensation doctrine of courts of equity, with which, as it is settled on all hands, it is not inconsistent, if we regard the claim of the owner under such circumstances, as the Roman law treated it, as a case of fraud or ill-faith."

The case of *James v. Burbridge*, 33 W. Va. 272, is practically on all fours with this, in which it was held, where a purchaser of land, *pursuant to his contract,* pays a lien on the land, binding his vendor's estate in it and such contract is abandoned by the parties, and the vendor becomes unable to execute it, though the purchaser took no assignment when he so paid the lien, yet he is entitled to be substituted to such lien and equity keeps it alive for his indemnity. While in such suit the purchaser shall have such relief, there must be charged against his debt rents and profits while he was in possession, abating therefrom permanent improvements made by him.

[Faulk *et al.* v. Calloway.]

The special prayer of the bill seeking to have complainants subrogated to the rights of Koonce as equitable assignees of the mortgage paid by them, goes too far in asking to have a lien declared for the fifty dollars paid to Payne in addition to the $200 paid Koonce and the attorney's fee in prosecuting this suit. An attorney's fee cannot be recovered in this class of cases unless there is some stipulation in the mortgage by which the mortgagor binds himself to pay. There is no averment in the bill to this effect. The equitable assignment of the mortgage would invest in the complainants all the rights they would have acquired under it had it been in fact transferred to them. And their possession under this state of the case, would be treated as that of a mortgagee. There was, however, no demurrer raising the question suggested by us as to the claim for attorney's fees and the fifty dollars paid Payne.

It is apparent from what we have said that complainant's equity is not dependent upon the doctrine of conventional substitution, a doctrine distinctly different in character from the one invoked by the bill.—24 Am. & Eng. Encyc. Law, 290; *Allen v. Caylor*, 120 Ala. 251; 24 So. Rep. 512.

It is also apparent that it is unnecessary to discuss at length the materiality of the allegations of the third paragraph of the bill quoted above *in hacc verba*. It is sufficient to say, the facts therein alleged serve to establish the *bona fides* of the purchase by the complainants.

The bill was not subject to the demurrer interposed, and the decree sustaining the several assignments thereof must be reversed and the cause remanded.

Reversed and remanded.