# Tait *v.* American Freehold Land Mortgage Company of London, Ltd.

132 193
135 239
132 193
142 620

*Bill in Equity to Remove Cloud from Title for Subrogation, and to Enjoin Ejectment.*

[Decided Feb. 11th, 1902.]

1. *Bill to remove cloud from title; when without equity.*—A bill which shows a perfect title in complainant, evidenced by muniments in all respects regular and valid, and acquired eleven years prior to defendant's deed from the same grantor, and which seeks to cancel the defendant's deed as a cloud on complainant's title, is without equity.

2. *Bill for subrogation; when without equity; encumbrance on land.*—Where the purchaser at a sale under a mortgage seeks to be subrogated to the rights of a prior mortgagee, whose mortgage was paid off by complainant at the time of the execution of his mortgage, as against a second mortgage up-

13s

[Tait v. American Freehold Land Mortgage Co. of London, Ltd.]

on the property executed upon the same day upon which the first mortgage was executed, a bill for that purpose is without equity which fails to show that said second mortgage is a subsisting encumbrance on the land and entitled to priority apart from the doctrine of subrogation.

3. *Same; when averments of bill not sufficient to show subsisting encumbrance; satisfaction of mortgage.*—A bill by which complainant seeks to be subrogated to the rights of a prior mortgagee, whose mortgage complainant has paid off, as against an alleged second mortgage, is wanting in equity, where it clearly appears from the bill that said second mortgage has been regularly marked "Satisfied" on the record by the second mortgagee or her agent, and there is no averment in the bill that the entry of satisfaction is spurious, but simply averments showing that the mortgagee in said second mortgage claims said entry to be spurious.

4. *Amendments to bill in equity; motion to dismiss for want of equity.*—It is only when it appears from the bill that amendments can be made (as where facts are ill-pleaded) which would entitle the complainant to relief, that such amendments will be considered as made, so as to justify the denial of a motion to dismiss for want of equity.

5. *Answer in equity; admission, as affecting equity of bill.*—An answer to a bill in equity can never supply jursdictional averments omitted from the bill, or inject equity into a bill which has none on its own allegations.

6. *Same; admission in answer as evidence.*—An admission, in an answer not mentioned in the note of testimony nor in the order of submission, cannot be considered as evidence in the case.

7. *Subrogation; adequate legal remedy; ejectment.*—One in possession of real estate, for the possession of which an action of ejectment is pending against him, has no right of subrogation as against a mortgage which the averments of his bill show has been duly satisfied, but has a plain and adequate legal remedy, or defense, against the action of ejectment.

8. *Bill in equity; jurisdictional averments.*—Under a bill which prays certain relief in the event the court finds a certain fact to exist, whose existence is not alleged, the court has no jurisdiction to determine its existence.

9. *Practice in Supreme Court; discretion as to remanding cause in equity, or rendering decree.*—The Supreme Court, in reversing a decree which overruled a motion to dismiss a bill for want of equity, may in its discretion either remand the cause or render the decree the lower court should have rendered.

APPEAL from Wilcox Chancery Court.

Heard before Hon. THOS. H. SMITH.

The bill in this case was filed by the American Freehold Land Mortgage Company against the appellant, Narcissa Tait. It was averred in the bill that on January 25, 1888, Charles E. Tait, who was the son of Narcissa Tait, borrowed from the complainant $5,000 for the purpose of paying a debt due by said Charles E. Tait to J. Paul Jones, E. N. Jones and R. C. Jones, and that to secure the money so borrowed from the complainant, the said Charles E. Tait executed a mortgage upon certain lands which he specifically described in the bill; that the debt to the complainant was evidenced by a promissory note, which was due on January 25, 1893; that the debt due by Charles E. Tait to the Joneses was secured by a mortgage upon the same lands, which was executed on February 8, 1886. It was then averred in the bill that on the same day that Charles E. Tait executed a mortgage to the Joneses, he also executd a mortgage to the defendant Narcissa Tait on the same lands, in which mortgage to Narcissa Tait it was recited that it was a second mortgage to that given by said Charles E. Tait to J. P., E. N. and R. C. Jones. The bill then averred that the complainant was induced to make the loan to C. E. Tait by reason of a written application of Charles E. Tait for such loan, wherein it was stated that the land was unincumbered except by the Jones mortgage, and also by an abstract which was furnished by a capable lawyer, which showed that the mortgage from Charles E. Tait to Narcissa Tait had been marked satisfied upon the record. The averments of the bill as to the mortgage to Narcissa Tait being marked satisfied are sufficiently stated in the opinion. It was further averred that Charles E. Tait made default in the payment of his mortgage to the complainant, and thereafter the complainant foreclosed the mortgage under the power of sale contained in said mortgage and became the purchaser of said lands conveyed in said mortgage; that after such purchase by the complainant, Charles E. Tait leased the lands from the complainant and occupied them for several years. That in the year 1899, after the foreclosure and the purchase by the complain-

ant, Charles E. Tait executed a deed to said lands to Narcissa Tait; that thereafter Narcissa Tait instituted an action of ejectment for the recovery of said lands.

The prayer of the bill was that the deed from Charles E. Tait to Narcissa Tait in 1899, be cancelled as a cloud upon complainant's title; that the complainant may be subrogated to the rights of J. Paul Jones, E. N. Jones and R. C. Jones under the mortgage given them by Charles E. Tait, and that the defendant be enjoined from the further prosecution of her action of ejectment.

The defendant demurred to the bill, interposed a motion to dismiss the bill for want of equity, and also filed her answer, in which she specifically denied that she had executed an authority to mark the mortgage to her as satisfied on the record, or had ever authorized any one to do so for her. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree overruling the demurrers and the motion to dismiss the bill for the want of equity, but decreed that the complainant was entitled to the relief prayed for. From this decree the defendant appeals, and assigns the rendition thereof as error.

R. T. ERVIN, for appellant.—(1.) The bill was without equity to cancel the deed as a cloud on the title. *Shaw v. Lindsey,* 60 Ala. 344. (2.) It was without equity as a bill of subrogation.—*Banta v. Garmo,* 1 Sanf. 384; *Watson v. Wilcox,* 39 Wis. 650; *Anglade v. St. Avit,* 67 Mo. 434; *Sanford v. McLean,* 3 N. Y. Chy. 81; *Jeffries v. Allen,* 7 S. E. Rep. 828; *Allen v. Taylor,* 120 Ala. 251; *Chapman v. Abrahams,* 61 Ala. 108; *Pettus v. McKinney,* 56 Ala. 633; 24 Am. & Eng. Ency. Law, 281; *Park v. Lide,* 90 Ala. 246; *City Council v. Hughes,* 65 Ala. 201.

MILLER & MILLER, for appellee.—(1.) The bill is good as a bill for subrogation.—*Bolman v. Lohman,* 74 Ala. 507; *Faulk v. Calloway,* 26 So. Rep. 504; *N. A. Trust Co. v. Laier,* 28 So. Rep. 804; *Scott v. Land Mortgage*

*Co.,* 28 So. Rep. 709; 80 Ala. 151; 3 Pom. Eq. Jur., § 1212; *Chapman v. Abrams,* 61 Ala. 108; 24 Am. & Eng. Ency. Law, 294; Sheldon on Subrogation (2d ed.), § 8.   (2.)   Where a fact is alleged in the bill and admitted in the answer the admission is conclusive.—1 Enc. Pl. & Pr., 927; *Toney v. Moore,* 1 Stew. & Port. 347; *Kirkman v. VanLier,* 7 Ala. 217; 41 Ala. 349; 28 Ala. 289; 35 Ala. 94; Chancery Rule 76; *Prestwood v. Watson,* 111 Ala. 604.   (3.)   On motion to dismiss for want of equity the bill is considered as amended.—104 Ala. 599.

McCLELLAN, C. J.—The title of the mortgage company through its mortgage executed by Charles E. Tait in 1888 is a perfect title, evidenced by muniments in all respects regular and valid, as against the deed executed by said Charles to Narcissa Tait in 1899. The deed is, therefore, not a cloud on complainant's title, and the present bill has no equity to a cancellation of it as a cloud on title.

Whether the bill has equity to the end of subrogating the complainant to the lien of the mortgage executed by Charles E. Tait to the Joneses, and which mortgage was paid off by complainant, depends upon whether it avers that the mortgage executed by said Charles E. to Narcissa Tait, which was secondary to the Joneses' mortgage, was at the time of the execution of the mortgage to complainant, a subsisting encumbrance on the land, and entitled to priority of satisfaction apart from the doctrine of subrogation.   We find no such averment in the bill.   It does appear by the bill that on the same day Charles E. Tait executed the mortgage to the Joneses, he also executed a mortgage to Narcissa Tait subject to the lien of the Joneses' mortgage, that said mortgage to Narcissa Tait was duly recorded in the office of the judge of probate prior to March 5th, 1887, that on the day just named James T. Beck made the following entry on the record of said mortgage: "This mortgage is satisfied in full and so entered by me on the authority of Mrs. Narcissa Tait, mortgagee.   This 5th March, 1887.   J. T. Beck.   Authority pasted herein;" that the "authority" under which Beck acted

and to which he refers as above indicated was the following writing: "To Honorable James T. Beck, Judge of the Court of Probate of Wilcox County, Alabama: You will please enter satisfaction and payment in full of the mortgage made and executed by Charles E. Tait and his wife, Adali L. Tait, to me, dated the 8th February, 1886, and recorded in book of mortgages No. 6, pages 490, 491 and 492, and let this be your authority for so doing. This 4th day of March, 1887. Narcissa Tait. Attest, S. W. McDowell;" that this writing was signed or purported to be signed by said Narcissa Tait, and witnessed by one S. W. McDowell, and, to quote the bill, that "said Narcissa Tait and S. W. McDowell have been examined as witnesses in said ejectment suit (action by said Narcissa Tait against this complainant for the land involved here) on depositions to interrogatories, and said Narcissa avers in answer to questions as to her signature to said instrument of writing requesting said James T. Beck to satisfy the mortgage of the 8th of February, 1886, given on her said lands by Charles E. Tait and never authorized any one to execute the same for her, and said S. W. McDowell in answer to questions as to his signature as witness to said instrument, testified that he never did sign said instrument as a witness and knew nothing of it until it was called to his attention shortly before his examination as a witness in said cause." These are all the facts averred in the bill in any way on the issue of the satisfaction *vel non* of said mortgage. There is, however, this further, toward the close of the bill: "Your orator further complaining, shows unto your Honor that in the event your Honor should find that said instrument of writing purporting to be executed by Narcissa Tait on the 4th day of March, 1887, requesting said Beck to mark said mortgage of said C. E. Tait to Narcissa Tait satisfied, was not executed by Narcissa Tait, nor by any one authorized to bind her, and that your orator was thereby deceived, in being led to rely upon the same as a valid satisfaction of said mortgage, that your orator stands in such relation to said property and said Narcissa Tait," etc., etc., that orator is entitled to subrogation to the lien of the Joneses' mortgage, etc., etc. From the foregoing averments of

the bill it clearly appears that on the face of the mortgage record the instrument is regularly marked satisfied by or for Mrs. Tait, the mortgagee; and there are no averments in the bill which in anywise impeach this entry of satisfaction. The averment that Mrs. Tait has said, or even has sworn in another forum, that the entry of satisfaction was not authorized by her, is by no means the averment that, the record to the contrary notwithstanding, the mortgage has never in fact been satisfied and was at the time complainant's mortgage was executed and still is an incumbrance on the land superior to the lien of complainant's mortgage, and to all claim it has upon the land except that which it is seeking to assert here by way of subrogation. At most the bill shows that Mrs. Tait claims that the entry of satisfaction is spurious; and without in any way asserting that it was spurious, the complainant asks the court to grant it certain relief in the event it should be found to be spurious by the chancellor. No issue of fact is tendered. It is not averred that the entry is inoperative. Every averment in the bill may be taken as confessed, or admitted by the answer, or proved on the hearing, and yet it would not appear that complainant is entitled to the relief prayed or to any relief in equity. Every issue of fact tendered could be responded to by the court without determining whether Mrs. Tait's mortgage stands in complainant's way or necessitates for his protection that he be subrogated to the lien of the Joneses' mortgage. The chancellor is asked to grant certain relief in the event and only in the event he finds a certain fact to exist, and that fact is not alleged to exist; and not being alleged to exist he is under no duty to determine whether it does exist or not, indeed he has no jurisdiction to determine its existence *rel non*. The bill, we repeat, is without equity.

But it is insisted that it can be amended in the particular we have been discussing so as to give it equity, and that, therefore, the motion to dismiss for the want of equity should not be granted. How do we know it can be so amended? How can we say that complainant could truthfully allege that the satisfaction of the mortgage was unauthorized? There is absolutely nothing in the bill as it stands that carries any assurance

that such an amendment could be made. And it is only when it appears from the bill that amendments can be made which would entitle the complainant to relief that such amendments will be considered as made, and the motion to dismiss for want of equity will be denied. It is only where facts are illy pleaded, so that a demurrer would lie, but yet they do appear in some manner by the bill that the principle invoked applies. If the rule were otherwise than that it must appear by the averments of the bill that it may be so amended as to warrant relief, or were, as it is claimed to be by counsel for appellee, that no bill should be dismissed for want of equity which can possibly be amended by adding averments not hinted of in it, no bill could ever be dismissed on such motion. The true rule is declared in *Seals v. Robinson*, 75 Ala. 363, and has been several times recently reaffirmed by this court.—*Gardner v. Knight*, 124 Ala. 273.

It is contended for appellee that the infirmity of the bill which we have been considering is cured by what is called the *admission* of the answer. Such an infirmity can never be cured by the answer. An answer may admit averments in a bill so as to relieve the complainant of the burden of proving them, but its allegations can never supply jurisdictional averments omitted from the bill, it can never inject equity into a bill which has none on its own allegations. Neither statements in an answer nor proof of necessary facts can warrant relief unless such facts are averred in the bill: Proof in any form is as abortive without necessary averment in the bill as the failure to prove necessary averment. Moreover, the answer here contains no *admission* of any averment of the bill as to the entry of satisfaction on the record of the mortgage being unauthorized and null, for, as we have seen, there is no such averment in the bill. It does not contain a statement that the entry was not authorized by Mrs. Tait and the answer is sworn to; but as this was not an admission of an averment in the bill, the statement as *pleading* is of no value to complainant, and as the answer is not mentioned in the note of testimony, nor even in the order of submission, it is no *evidence* of that fact; and no

testimony was taken on the point. So that there is neither averment nor proof of the invalidity of the entry of satisfaction on the record of Charles E. Tait's mortgage to Narcissa Tait. With that entry standing unimpeached, the complainant not only had no right of subrogation in equity to the lien of the Joneses' mortgage, but, on the other hand, the mortgage company had a plain, adequate and complete remedy, or defense, at law against the action of ejectment prosecuted by Mrs. Tait.

We are of opinion that if complainant can allege and prove that the entry of satisfaction on the mortgage record was unauthorized and nugatory, it would be entitled to the satisfaction prayed for on that and the other averments of the bill and evidence shown by this transcript.—3 Pom. Eq. Jur., §§ 1211, 1212; *Faulk v. Calloway*, 123 Ala. 325.

The chancery court erred in its decree granting the relief. The bill shold have been dismissed for want of equity. The decree below will be reversed; and in the exercise of our statutory discretion to render the decree the lower court should have rendered or to remand the cause, we adopt the latter course. Let the cause be remanded.

Reversed and remanded.

