(75 South. 953)
COOK v. KELLY et al. (1 Div. 970.)

(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 14, 1917.)

1. SUBROGATION ⬅23(1)—SUBROGATION TO RIGHTS OF CREDITOR—PRIOR LIENHOLDERS.

A party paying off prior liens or mortgages on real estate is entitled to subrogation of the rights of the prior lienholders in a proper case.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 60.]

2. SUBROGATION ⬅23(1)—SUBROGATION TO RIGHTS OF CREDITORS — PRIOR LIENHOLDERS.

One who advances money for the discharge of a prior lien, although previously without interest in the subject of the lien, is not a stranger, and is entitled to subrogation, where it will best subserve the substantial purposes of justice and the true intention of the parties, and in such case equity will keep alive the prior incumbrance as against strangers and third parties, although it has been actually canceled and satisfied of record, if this can be done without injury to such third parties.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 60.]

3. FRAUDS, STATUTE OF ⬅139(5) — PAROL AGREEMENT TO CONVEY LAND—MORTGAGE.

Although a parol contract to convey land is void under the statute of frauds, if a deed or mortgage is subsequently made pursuant to the parol agreement, such deed or mortgage cannot be annulled on the ground that the original contract was in parol.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 340.]

4. FRAUDS, STATUTE OF ⬅139(5)—PAROL AGREEMENT TO CONVEY LAND—EXECUTION OF CONTRACT.

Where a mortgage was executed pursuant to a parol agreement of purchase and improvement of land and vested legal title in accordance with such contract, the mortgage related back

to the inception of the contract and agreement, and was an execution of the contract, taking it out of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 340.]

5. HOMESTEAD ⬅96—PRIORITY—MORTGAGE.

Where a mortgage was executed pursuant to an original parol agreement of purchase and improvement of land, the mortgagee's equity was prior and paramount to the homestead rights of the mortgagor or his vendee as the mortgage related back to the original parol agreement so far as the parties to the contract were concerned.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153.]

Appeal from Law and Equity Court, Monroe County; W. G. McCorvey, Judge.

Bill by George W. Cook against Riley Kelly and another to quiet title to land. Decree for respondents, and complainant appeals. Affirmed.

The bill alleges that orator is the owner of certain land therein described; that he purchased it and paid on the same the sum of $200, and was placed in possession of the land, and immediately erected valuable improvements on the land amounting to about $1,500, and that he and his wife have continued to reside on the land since as their homestead, and have paid the balance of $400 due on said land; that there is no suit pending, etc., and that the value of the land and improvements will not exceed $2,000. It is then alleged that they became indebted to Riley Kelly in the sum of $624, and that Kelly was anxious to secure same by a mortgage on the homestead above described, and that orator went to his wife to get her to sign the same, but she refused, and, on informing Kelly of her refusal, Kelly asked if he had a deed to the land, and, on being told that his son had not made any deed, Kelly procured John A. Cook, his son, orator's vendor, to make him a mortgage on the land in the above sum, and then to execute to orator a deed to the same land, whereupon orator agreed, and the mortgage and deed were executed. This is averred to be an evasion of the requirements of the homestead law as to the separate acknowledgment of the wife; that John A. Cook was not indebted to Riley Kelly in any manner, and said Kelly is now threatening to foreclose his mortgage and put orator off his homestead, etc. The mortgage and deed are set out as exhibits. Riley Kelly answered, and made his answer a cross-bill, setting up his equities, in that he furnished the money, or a greater part of it in making the improvements and paying the purchase price of the land, and that at the time this was done Cook promised and agreed to execute him a mortgage as soon as he could obtain title to the land.

C. J. Torrey, of Mobile, and C. L. Hybart, of Monroeville, for appellant. J. D. Ratcliffe and Hare & Jones, all of Monroeville, for appellees.

THOMAS, J. [1, 2] It is well established in this state that a party paying off prior liens or mortgages on real estate is entitled by subrogation to the rights of the prior lienholders in a proper case. It is further settled that one who advances money for the discharge of a prior lien, though he be without previous interest in the subject of the lien, is not a stranger, and that such an one is entitled to the benefit of the doctrine of subrogation where that course will best subserve the substantial purposes of justice and the true intention of the parties. In such a case equity will keep alive the prior incumbrance as against strangers and third parties, even though it has been actually canceled and satisfied of record, provided this can be done without injury to such third parties. Woodruff v. Satterfield, 74 South. 948;[1] First Ave. Coal & Lumber Co. v. King, 193 Ala. 438, 69 South. 549; Fouche v. Swain, 80 Ala. 151; 3 Pom. Eq. Jur. §§ 1200, 1212; Sheldon on Subrogation, § 57. So much for advances made and used in the discharge of the vendor's lien.

[3, 4] To the claim of Kelly against George W. Cook, for $324, under the original agreement of purchase and improvement, which amount went into the erection of the buildings and other improvements on the land, the statute of frauds cannot apply. This contract is executed, in that a conveyance has been made by the mortgagor, vesting the legal title in accordance with the original parol contract. This mortgage related back to the inception of the contract and agreement which were in parol. A parol contract to convey land is void, because of the statute of frauds, unless it falls within the exception of the statute; but if a deed or mortgage is subsequently made, in pursuance of the parol agreement, such deed or mortgage cannot be annulled on the ground that the original contract was in parol. To the parol contract, when executed, the statute cannot apply, since it is as fully executed by being put in writing and signed by the parties having the legal title as the statute of frauds could possibly require.

[5] The mortgagee's equity was prior and paramount to the homestead rights of the mortgagor or his vendee; and, as we have before shown, the mortgagee's title related back to the time of the original parol contract, so far as the parties to the contract were concerned; the rights of no bona fide purchaser being involved.

It is fortunate that the justice of this case is the law of it.

The case of Clark v. Bird, 158 Ala. 279, 48 South. 359, 132 Am. St. Rep. 25, cited by appellant's counsel, has no application.

The cause is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 199 Ala. 477.