(80 South. 413)

HAMPTON et al. v. COUNTS. (8 Div. 67.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. SUBROGATION ⚫⚫23(3)—PAYMENT OF MORTGAGE—PRIVITY.

Where a mortgage was given to furnish funds to take up an existing mortgage on lands sold, the new mortgagee could be subrogated to the rights of the first mortgagee, notwithstanding the prior mortgage was satisfied rather than transferred to the new mortgagee.

2. QUIETING TITLE ⚫⚫14 — REMOVAL OF CLOUD—MORTGAGES—PAYMENT OF AMOUNT DUE.

Complainant, in a bill with a double aspect under the statute to quiet title and also to remove cloud of a mortgage or subrogated lien, must, in respect to the latter aspect, offer to do equity by paying amount due on such mortgage before it can be canceled.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Suit between Percy Hampton and others and W. M. Counts, to quiet title and remove cloud. From a decree in favor of W. M. Counts, Percy Hampton and others appeal. Affirmed.

Kirk & Rather, of Tuscumbia, for appellants.
Mitchell & Hughston, of Florence, for appellee.

THOMAS, J. The bill was filed under the statute for the purpose of quieting title to

lands and to remove as a cloud a mortgage executed by complainants' mother and father.

On November 28, 1903, Bammer Hampton purchased the lands from her husband, James, for the recited consideration of $1,400, of which $800 was recited as having been paid in cash, and the assumption of the payment of a mortgage given by the said James and wife to Mrs. Kate M. Johnson, on January 9th or 15th, and filed for record January 20, 1903, and on which it was recited as due the sum of $600. This deed was filed for record on December 10, 1903. The said Bammer (on March 15, 1907), her husband joining in the conveyance, sold the lands in question to complainants, and the conveyance was recorded on May 25, 1907.

Theretofore (on February 13, 1907), and prior to their conveyance to complainants, said lands were mortgaged by James and Bammer Hampton to Wilson & Co. for the sum of $1,477.50, to secure the necessary moneys with which to free the lands from the mortgage to Mrs. Kate M. Johnson (of date 9th or 15th of January, 1903), duly assigned and transferred by her to C. R. Burgess on July 25, 1905, for $1,012, and a mortgage by the Hamptons to the said Burgess for $434.35 of date February 28, 1906. The accrued taxes and said mortgages were paid in full with the $1,477.50, which was the proceeds of, or consideration for, the Wilson mortgage, per the agreement of Hampton and Wilson. On June 16, 1914, Wilson & Co. transferred its said mortgage for $2,346.30, the amount due thereon, to appellee, who was then a judgment creditor of the said James Hampton.

[1] The fact that the Johnson and Burgess mortgages were satisfied rather than transferred to Wilson & Co., under the agreement of the parties, did not prevent the subrogation of Wilson & Co., as mortgagees, to the legal or equitable rights of Johnson and Burgess under said respective mortgages. Having paid off the same at the request of the mortgagor, with just expectation that Wilson & Co. would have like securities for the moneys with which the payments were made, such mortgagee was not a "mere stranger and volunteer in respect of such payment," and was and is entitled to avail of the lien so discharged. Marlowe v. Benagh, 52 Ala. 112; McWilliams v. Jenkins, 72 Ala. 480, 487; Bolman v. Lohman, 74 Ala. 507; Fouche v. Swain, 80 Ala. 151; Faulk v. Calloway, 123 Ala. 325, 26 South. 504; Scott v. Land Mortgage Investment & Agency Co., 127 Ala. 161, 28 South. 709; Tait v. Mortgage Co., 132 Ala. 193, 31 South. 623; Bigelow v. Scott, 135 Ala. 236, 33 South. 546; First Avenue Coal & Lbr. Co. v. King, 193 Ala. 438, 69 South. 549; Woodruff v. Satterfield, 199 Ala. 477, 74 South. 948; Cook v. Kelly, 200 Ala. 133, 75 South. 953; 3 Pom. Eq. Jur. §§ 1200, 1212; Sheldon on Subrogation, § 57.

In Cook v. Kelly, supra, it is said:

"One who advances money for the discharge of a prior lien, though he be without previous interest in the subject of the lien, is not a stranger, and that such an one is entitled to the benefit of the doctrine of subrogation where that course will best subserve the substantial purposes of justice and the true intention of the parties."

In Fouche v. Swain, supra, the declaration is made that equity will, in such cases, keep alive the prior incumbrance as against strangers and third parties, even though it has been satisfied of record, where this can be done without injury to them.

The judgment creditor, Mr. Counts, having a lien by reason of the judgment registration statutes (Code 1907, §§ 4156–4158), was no mere stranger or volunteer in acquiring and clearing the property of the superior mortgage of Wilson & Co., and had the right of redemption therefrom (Baker-Lyons & Co. v. Eliasberg Bros. Mer. Co., 79 South. 13[1]); that is to say, had the right to intervene as he did to avail himself of the mortgage and equitable lien of Wilson & Co., the source of the moneys used in discharging the balance of the purchase-money lien, represented by the amount of the Johnson mortgage ($1,012), the payment of which had been assumed and must be discharged by the complainants as grantees.

[2] The bill, being filed in a double aspect, not only under the statute to quiet title, but also for the purpose of removing a cloud from the title by cancellation of the Wilson & Co. mortgage or subrogated lien of the Johnson mortgage, in the latter aspect, should have offered to do equity by paying the amount due thereon. Coburn v. Coke, as Trustee, 193 Ala. 364, 69 South. 574; Douglass v. Standard Real Estate Loan Co., 189 Ala. 223, 66 South. 614; Mitchell v. Baldwin, 154 Ala. 346, 45 South. 715; George v. N. E. M. Sec. Co., 109 Ala. 548, 20 South. 331; 1 Dan. Ch. Pr. § 441; 1 Story, Eq. § 301. A court of equity will not order cancellation of a valid mortgage debt that complainants, being sui juris, assumed to pay off as part of the consideration for the lands conveyed to them. Cook v. Kelly, supra.

We may remark, by the way, that we are not convinced that the rent of the land alleged to have been paid was in excess of the mortgages, or that the debt or a substantial part thereof was not that of Bammer Hampton. There is another reason why the decree may not be disturbed; the record shows that certain of the testimony was taken orally and submission was had thereon (An-

[1] 201 South. 591.

drews v. Grey, 199 Ala. 152, 74 South. 62); we have not rested the decision on this ground.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.