(105 So. 193)

## FIDELITY & DEPOSIT CO. OF MARYLAND v. RICHESON et al. (8 Div. 758.)

(Supreme Court of Alabama. June 30, 1925.)

**1. Subrogation ⬅7(3)—Surety on tax collector's bond on reimbursing state for shortage is subrogated to state's lien on collector's property.**

Under Code 1923, § 2603, giving state lien on tax collector's property for any shortage in his accounts, surety on collector's bond who had paid state amount of shortage is subrogated to state's lien.

**2. Subrogation ⬅14(3)—Purchaser of mortgaged property held entitled to subrogation to mortgagee's lien to extent of discharge with his money.**

Where tax collector sold mortgaged property, agreeing to pay part of purchase money to mortgagee, who released property to purchaser on payment of part of debt, by mortgagor, *held* that purchaser was entitled to subrogation to lien of mortgagee, to extent that his money was used in discharging mortgage as against lien of collector's surety for amount of shortage.

**3. Subrogation ⬅14(3)—Grantee of purchaser who was entitled to subrogation is also entitled to such right.**

Where purchaser of mortgaged property was subrogated to mortgagee's lien to extent of discharge thereof with his money, his grantee is also entitled to such right.

**4. Subrogation ⬅33(2)—Surety on tax collector's bond held merely to have right to redeem from purchaser of property mortgaged by collector.**

Where surety on tax collector's bond was subrogated to state's lien on collector's property which was mortgaged prior to execution of bond, and which was afterwards sold to purchaser who became subrogated to mortgagee's lien, surety had merely a right to redeem from such purchaser on payment of purchaser's claim with interest and taxes.

**5. Mortgages ⬅418—Surety on tax collector's bond held not entitled to have his junior lien established for purpose of forcing foreclosure of senior lien.**

Where surety on tax collector's bond was subrogated to state's lien on collector's property, which was mortgaged prior to execution of bond, and which was afterwards sold to purchaser, who became subrogated to mortgagee's lien, surety as junior lienholder was not entitled to have his lien established in equity merely for purpose of having property sold and thereby forcing foreclosure of senior lien.

**6. Mortgages ⬅616 — Bill by tax collector's surety to enforce lien held not to serve as bill for redemption from mortgage lien.**

Bill by tax collector's surety, who was subrogated to state's lien against collector's property, which had been sold to person who was subrogated to superior mortgage lien, could not serve as bill for redemption, although it prayed for general relief and offered to do equity, where it failed to offer to pay amount due senior lienholder, and denied that anything was due him.

**7. Equity ⬅196—Defense of subrogation need not be set up by cross-bill.**

Subrogation of defendant to mortgage lien, superior to lien of plaintiff, being merely defensive, is available without a cross-bill.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Bill in equity by the Fidelity & Deposit Company of Maryland against I. M. Richeson and W. T. Richeson. From a decree denying relief and dismissing the bill, complainant appeals. Affirmed.

J. Foy Guin, of Russellville, for appellant.

The surety is subrogated to the rights of the state and county. Code 1923, §§ 2603, 9553; Knighton v. Curry, 62 Ala. 404; Schuessler v. Dudley, 80 Ala. 547, 2 So. 526; Singleton v. U. S. Fid. & G. Co., 195 Ala. 506, 70 So. 169. The lien of the bond is superior to any lien or title acquired subsequent to the date of its execution. Code 1923, § 2306; Cummings v. May, 110 Ala. 479, 20 So. 307; Singleton v. U. S. Fid. & G. Co., supra. There can be but one subrogation. Bigelow v. Scott, 135 Ala. 236, 33 So. 546. Respondents' right to subrogation should have been set up by cross-bill. 25 R. C. L. 1391. The party furnishing the money can only be subrogated if the money was actually used to pay off the mortgage; if respondents are entitled to be subrogated, they stand in the position of mortgagee from the beginning. Bolman v. Lohman, 74 Ala. 507; Bell v. Bell, 174 Ala. 446, 56 So. 926, 37 L. R. A. (N. S.) 1203; Curb v. Dabbs & Tannehill, 19 Ala. App. 149, 97 So. 109; Ex parte Curb, 210 Ala. 45, 97 So. 111; New Eng. Mortg. Co. v. Fry, 143 Ala. 637, 42 So. 57, 111 Am. St. Rep. 62.

Stell & Quillin, of Russellville, for appellees.

A cross-bill was not necessary. First Ave. C. & L. Co. v. King, 193 Ala. 438, 69 So. 549; Watts v. Eufaula Nat. Bank, 76 Ala. 474. The bill has no equity as one for redemption. Fouche v. Swain, 80 Ala. 151; Hampton v. Counts, 202 Ala. 331, 80 So. 413; Douglass v. Standard R. E. & L. Co., 189 Ala. 223, 66 So. 614; U. S. Fid. & G. Co. v. Singleton, 206 Ala. 437, 90 So. 296; Mims v. Cobb, 110 Ala. 577, 18 So. 309. I. M. Richeson did not lose by taking the legal title. Fouche v. Swain, supra; Cook v. Kelly, 200 Ala. 133, 75 So. 953; Grigg v. Banks, 59 Ala. 311.

SOMERVILLE, J. [1] The appellant, complainant in the court below, was surety on the official bond of S. J. Petree, tax collector of Franklin county. The bond was executed on November 10, 1920, and the principal died in June, 1922, leaving a shortage in his of-

ficial accounts of about $17,000, the full amount of which was paid by complainant as surety. The statute (section 2603, Code 1923) gave to the state, from the date of the execution of the bond, a lien on all of the tax collector's property for the amount of this shortage, and complainant, by its payment to the state, became subrogated to the lien of the state (Singleton v. U. S. Fid. & Guaranty Co., 195 Ala. 506, 70 So. 169; Turner v. Teague, 73 Ala. 554).

[2] Complainant seeks in this proceeding to enforce the lien thus acquired by subrogation against certain property owned by the deceased officer, which the officer sold in 1921 to the respondent I. M. Richeson, and which he in turn sold to the respondent W. T. Richeson in 1922, taking from the latter a mortgage security on the land purporting to secure an indebtedness of $2,900.

On these showings in the absence of any equities available to respondents, complainant would obviously be entitled to relief by having his lien satisfied out of the land.

But the respondents assert an equity arising out of the following facts: Prior to the execution of the said official bond, the principal, S. J. Petree, had mortgaged this particular realty, along with other property, to one Margaret C. Broadus to secure an indebtedness to her of $3,000, which was duly recorded. Upon its maturity on January 1, 1921, the mortgagor, Petree, was without the means to pay it, a. ¹ proposed to sell I. M. Richeson the property in suit for $3,000, of which $2,900, was to be paid to Mrs. Broadus on the mortgage, for which she was to release the property to said Richeson in a legal way. This offer was accepted and executed in full, except that Petree paid to the mortgagee only $1,600 of the purchase money, instead of $2,900, as previously agreed, for which she executed a proper release of this property.

Under these conditions the purchaser, Richeson, was unquestionably entitled to equitable subrogation to the lien of the Broadus mortgage, to the extent that his money had been used for the discharge of this property from that mortgage. As said in Fouche v. Swain, 80 Ala. 151:

"There would be but a poor show of logic in holding that this strengthening of her title by Mrs. Swain [by Richeson here], has, after all, served but to weaken it. It is common practice for courts of chancery to keep alive equitable liens and encumbrances as against strangers or third parties."

To say that this complainant can now come in and appropriate to itself the benefit of Richeson's payment to Mrs. Broadus by subjecting to its claim the property thus freed from a superior lien would require a new definition of equity and its doctrine of subrogation. And the rule is well settled that "the purchaser of an equity of redemption upon paying off prior mortgages is subrogated to the rights of the mortgagees paid off, the mortgages paid being considered part of the purchaser's title to the premises." 37 Cyc. 452; Faulk v. Calloway, 123 Ala. 325, 331, 26 So. 504.

[3, 4] On elementary principles of law, the purchaser, I. M. Richeson, could convey to another such title as he had himself acquired, with the same equitable priority over complainant's lien. Hence W. T. Richeson, as purchaser from I. M. Richeson, stands in the latter's shoes, and is entitled to the same protection. The case of Bigelow v. Scott, 135 Ala. 236, 33 So. 546, has no bearing on this question, and Faulk v. Calloway, supra, is clearly in accord with our conclusion as to the right of a subvendee. The right of complainant is therefore merely a right to redeem from the respondent W. T. Richeson upon the payment to him of the sum of $1,600, with interest and taxes.

[5] As a junior lienholder, complainant is not entitled to come into a court of equity and have his lien established merely to have a sale of the property and thereby force a foreclosure of the senior lien. Mims v. Cobbs, 110 Ala. 577, 18 So. 309; Threefoot v. Hillman, 130 Ala. 244, 30 So. 513, 89 Am. St. Rep. 39.

[6] But the bill in this case, though it prays for general relief, and contains a general offer to do equity, cannot serve as a bill for redemption, because it not only fails to offer to pay the amount due to Richeson, but denies absolutely that anything is due to him in this behalf. Fouche v. Swain, 80 Ala. 151; Smith v. Conner, 65 Ala. 371; Rogers v. Torbut, 58 Ala. 523, 526; Hampton v. Counts, 202 Ala. 331, 80 So. 413.

[7] The equity set up in the answer, being defensive merely, is available to respondents without a cross-bill. Watts v. Eufaula Bank, 76 Ala. 474; First Ave., etc., Co. v. King, 193 Ala. 438, 69 So. 549.

We think the decree of the trial court is free from error, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.