(118 So. 549)

**SHIELDS et al. v. PEPPER.** (8 Div. 24.)

Supreme Court of Alabama. Oct. 18, 1928.

Rehearing Denied Nov. 22, 1928.

E. W. Godbey, of Decatur, for appellants.

Sanders & Woodroof and J. G. Rankin, all of Athens, for appellee.

BOULDIN, J. This is the fourth appeal in this cause. For former decisions, see Yarbrough v. Hightower, 211 Ala. 262, 100 So. 126, Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506, and Shields v. Hightower, 216 Ala: 224, 112 So. 834.

E. C. Robison was tax collector. Judgment was recovered on his bond for default. L. C. Hightower and others, sureties on his bond, having paid the judgment, filed the original bill seeking reimbursement and to that end subrogation to the lien of the state and county on certain lands. Robison and certain of his vendees and subvendees are made parties respondent.

Among these are John W. Shields and C. A. Yarbrough, who filed their separate cross-bills, praying, among others things, for a sale of lands subject to the lien in the inverse order of alienation.

C. Pepper, Sr., a co-respondent, also filed a cross-bill. Yarbrough and Shields interposed demurrers to Pepper's cross-bill as amended.

The present appeal is from a decree of February 6, 1928, overruling these demurrers.

The case made by Pepper's cross-bill is this: Robison, pending his term of office, purchased certain lands from E. D. Whitt. This land was at the time subject to a purchase-money mortgage given by Whitt to George M. Hall. Robison assumed the payment of this mortgage. Later, while Robison was still in office, he applied to Pepper for a loan of $4,000 on the security of this land for the purpose of paying off the Whitt-Hall mortgage and making improvements on the property. The loan was made. Pepper paid to Hall the amount due on the mortgage, $2,322, and the mortgage was satisfied and canceled on the record. The balance of the money loaned, less $145.48 paid for commissions and expenses on the loan, was used in making improvements on the property. Pepper disclaims any knowledge or notice of Robison's default at the time of making the loan.

The prayer is that Pepper be subrogated to the lien of the Whitt-Hall mortgage; that it be foreclosed for his reimbursement, including attorney's fee as stipulated therein; that a further lien be declared and enforced in his favor to the extent the money loaned and used in improvements enhanced the value of the lands. There is prayer for general relief.

Demurrers going to the equity of this cross-bill as a whole and as to the right of subrogation to the Whitt-Hall mortgage for reimbursement to the amount paid thereon were overruled.

Demurrers going to the claim for improvements, commissions, and attorneys' fees were sustained. This latter ruling is not involved on this appeal.

Under the averments of Pepper's cross-bill, the Whitt-Hall mortgage was outstanding when the lands were purchased by Robison. He acquired only an equity of redemption therein to which the statutory lien attached. Pepper loaned the money to pay this mortgage, and paid it to the holder. Pepper took a mortgage for his loan, and the Whitt-Hall mortgage was satisfied and canceled.

■ Under these facts Pepper has a clear right of subrogation, a revival of the equitable lien of the Whitt-Hall mortgage for his protection against the intervening lien created by statute. He was not a volunteer merely paying off the debt of another. That the mortgage was satisfied was not kept alive by the parties, does not defeat, but furnishes the occasion for assertion of, the equitable right of subrogation. Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506; Fidelity & Deposit Co. v. Richeson, 213. Ala. 461, 105 So. 193; Faulk v. Calloway, 123 Ala. 325, 26 So. 504; Hampton v. Counts, 202 Ala. 331, 80 So. 413; First Ave. Coal & Lbr. Co. v. King, 193 Ala. 438, 69 So. 549; Cook v. Kelly, 200 Ala. 133, 75 So. 953.

Pepper's cross-bill is statutory; is incorporated in his answer to the original bill as amended.

The original bill lists this land as among those owned by Robison during his term of office, and shows the execution of the mortgage to Pepper. The answer admits these averments, but denies the several allegations of the bill going to the existence of a statutory lien and, complainants' right of subrogation thereto.

The matter of Pepper's cross-bill is presented by way of further or additional answer. It is argued that Pepper's cross-bill is without equity, in that it is not complete within itself, and in that the same answer

denies the facts upon which the cross-bill must rest.

■ The point is not well taken. The statutory provision authorizing a cross-bill to be incorporated in the answer does not inhibit a denial of the equity of the bill, casting upon complainant the burden of proof, and a further answer setting up special equities, the proper subject of a cross-bill.

Such averments are by way of avoidance on the face of them. There is no need to expressly show the relief is sought in the event complainants make out their case.

■ We think the relief sought by Pepper is the proper subject of a cross-bill. An affirmative defense, one setting up equities purely defensive in the sense that no specific relief is sought by the respondent other than to defeat complainants' demand, may be presented by answer alone. But where a decree granting affirmative relief to respondent, the actual recovery of property or money, is sought, a cross-bill is proper, if not essential.

Here Pepper shows he has parted with his money upon security which was subject to a statutory lien of which he had constructive notice; but that the money loaned went to remove an incumbrance superior to the statutory lien, that he may be reimbursed to that extent without injury to the holder of the statutory lien.

This result can be attained only under the equitable doctrine of subrogation, reviving the removed incumbrance for his protection, and so moulding the relief as to pay back to him the amount thus advanced.

While not specially raised by demurrer, we would not be understood as declaring that Pepper is entitled to a decree of foreclosure of the Whitt-Hall mortgage with accompanying counsel fees and additional costs.

If complainants establish their lien, get a decree for the sale of this land, along with others in inverse order of alienation, and this land is sold under such decree, full relief to Pepper, will be had by ordering the amount due him paid first out of the proceeds. If complainants' decree is satisfied by the sale of lands still owned by Robison and other lands due to be sold before the Pepper lands, then Pepper's mortgage will remain intact for the full amount thereof and subject to foreclosure. It may happen that, when the sale of the Pepper lands is reached in order, they may bring a sum sufficient to pay balance due complainants, with a residue larger than the amount paid on the Whitt-Hall mortgage, in which event Pepper would take such residue to the amount of his own mortgage.

Neither original nor cross bill shows anything touching the value of these or other lands first chargeable with complainants' demand. Such averment is not necessary. The decree can easily let that matter be determined by actual sales, if ordered.

We have thus written to demonstrate that the ancillary relief sought by the cross-bill should not run ahead of the relief on the original bill, the bill first seeking a sale of the property, and making occasion for the cross-bill. If this Pepper property is never sold under decree for complainants, there will be no occasion for foreclosure of the Whitt-Hall mortgage.

But, notwithstanding there need be no foreclosure of the Whitt-Hall mortgage, this does not deprive the cross-bill of equity in presenting a claim for affirmative relief. 21 C. J. p. 499, § 598, and note 87.

■ That appellants Shields and Yarbrough have filed cross-bills does not warrant their claim that no other cross-bill could be filed by a co-respondent. Their cross-bills in one aspect present a claim for subrogation of like kind to that asserted by Pepper. Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506. But their cross-bill does not cover the entire field of litigation.

It is the right of each vendee, by appropriate proceedings, to have his equities adjusted as related to the demand of original complainants and as related to lands held by other vendees and subvendees.

■ Pepper's cross-bill is properly presented in his answer to the original bill rather than answer to the cross-bills of his co-respondents. Each is properly made a party respondent to the cross-bill of the other, that all may litigate their respective equities as against each other in a suit of this character.

In Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506, this court held demurrers of C. Pepper to the cross-bills of Shields and Yarbrough, going to the equity of the cross-bills as a whole, were not well taken. A decree sustaining them was reversed, and the cause was remanded, with directions to enter a decree in accordance with the opinion of this court.

■ In the decree of February 6, 1928, now appealed from, it appears these demurrers were again submitted and sustained by the court. As to the court below, the opinion of this court was the law of the case. No decree could properly be rendered except as directed. This court has the duty to consider anew any question decided on a former appeal when that question again comes before us in proper manner.

■ But that rule does not apply to the trial court, nor authorize a departure from the directions of this court. The decree again sustaining these demurrers was improvidently, probably inadvertently, entered. The statute forbids a second appeal from an interlocutory decree of this sort. Shields v. Hightower, 216 Ala. 224, 112 So. 834.

■ Appellants file their motion in the alternative for mandamus to enter a decree in accordance with the former decision. This is the proper remedy if there is any occasion for now entering such decree.

After the cause was remanded, the cross-

bills of Shields and Yarbrough were amended. No demurrers were ever filed or refiled to these cross-bills as amended. The decree does not purport to sustain demurrers as to these amended cross-bills.

When these cross-bills were amended, the original bills were merged therein, and ceased to be current pleadings in the cause. So of the demurrer thereto. There is no occasion, after amendment, for any decree on the demurrers to the original bills.

■ Appellants conceive that this decree, sustaining demurrers to the original bills, had the effect of striking from the amended bills the matters covered by the original bills. We do not accord the decree such effect. The demurrers were never addressed'to the amended cross-bills. They stand intact as though this last decree were never rendered. So far as these amended cross-bills are concerned, these demurrers and the decree sustaining them were innocuous.

Petitioners are, however, entitled to mandamus to have this portion of the decree vacated as improvidently entered, that the record be kept straight and free from confusion. To that extent the petition for mandamus is granted.

Affirmed in part; mandamus granted.

ANDERSON, C. J., and SAYRE and GARD-NER, JJ., concur.