**TITLE GUARANTEE LOAN & TRUST CO. v. ALABAMA BY-PRODUCTS CORPORATION. (6 Div. 672.)**

(Supreme Court of Alabama. April 29, 1926.)

**1. Corporations ⬤⇒589—Board of directors of corporation, representing two consolidated corporations, held to have same right to sell mortgaged property as had officers of mortgagor corporation before consolidation.**

Board of directors of corporation, which represented two consolidated corporations, one of which was mortgagor of extensive mineral

---

rights, *held* to have same rights to sell portion of mortgaged land and procure release of such lands by trustee as had board of directors of original mortgagor before consolidation.

**2. Corporations** ⬦⇒**589—Power of directors of corporate mortgagor to sell mortgaged property held not a personal discretionary power which could not be exercised by successors.**

Power to sell mortgaged property vested in directors of corporate mortgagor *held* not a personal discretionary power which could not be exercised by successors in office.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by the Alabama By-Products Corporation against the Title Guarantee Loan & Trust Company. From a decree overruling defendant's demurrer to the bill, it appeals. Affirmed.

E. J. Smyer, of Birmingham, for appellant.

The consolidation extinguished the old companies. 5 Thompson on Corp. (2d Ed.) 860; Meyer v. Johnston, 64 Ala. 603; Cook on Corp. (6th Ed.) 3291. The trustee is authorized to execute a release only when the requirements of the mortgage have been complied with by the officers of the Pratt Company. Haynesworth v. Adler, 139 Ala. 168, 36 So. 513; 31 Cyc. L. & P. 1073; Dawson v. Ramser, 58 Ala. 573; Marks v. Tarver, 59 Ala. 335; March v. England, 65 Ala. 275; Gindrat v. Montgomery G. L. Co.; 82 Ala. 596, 2 So. 327, 60 Am. Rep. 769. The validity, construction, and effect of the deed are to be tested by the law of the state where the land is situated, and its provisions as to a release must be strictly construed and complied with. Ala. Bank v. Mary Lee Co., 108 Ala. 288, 19 So. 404; 27 Cyc. 975, 1133, 1417; Morgan v. Donovan, 58 Ala. 241; Lewis v. Cook, 18 Ala. 334. The power vested was a discretionary power, and did not pass as a result of the consolidation. Marks v. Tarver, 59 Ala. 335; 31 Cyc. L. & P. 1135; Robinson v. Allison, 74 Ala. 254; Tarver v. Haines, 55 Ala. 503; Cramton v. Rutledge, 157 Ala. 141, 47 So. 214.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

As a result of the consolidation, the consolidated corporation succeeded to the rights, powers, privileges, and immunities of each of the original corporations. Chicago Title Co. v. Zinser, 264 Ill. 31, 105 N. E. 718, Ann. Cas. 1915D, 931; Bates Co. v. Winters, 112 U. S. 325, 5 S. Ct. 157, 28 L. Ed. 744; A. C. G. & A. R. Co. v. Kyle, 202 Ala. 552, 81 So. 54. The power granted was not personal, and may be exercised by any person holding the office. 31 Cyc. 1100; Robinson v. Allison, 74 Ala. 254.

MILLER, J. [1] This is a bill of complaint by the Alabama By-Products Corpo-ration, a corporation, against the Title Guarantee Loan & Trust Company, a corporation, in which it avers it has contracted to sell the mineral rights in some 4,200 acres and surface of some 200 acres of its lands, particularly described, at the price of $1,200,000, on which the defendant, as trustee, holds a mortgage or lien to secure an issue of first mortgage bonds, aggregating the principal sum of $5,000,000; and complainant seeks to have this trustee release this property from the operation of the mortgage upon the payment to it of the entire purchase price thereof, to be used by it "as a part of the sinking fund provided for in said mortgage or deed of trust and used for the redemption and sale of said bonds as provided therein."

The defendant demurred to the bill, the demurrer was overruled by the court, and this appeal is prosecuted by the defendant from that decree, and it is the error assigned.

This mortgage was made on April 1, 1905, by the Pratt Consolidated Coal Company, a corporation, organized under the laws of the state of Delaware, to the Central Trust Company of New York, a corporation, as trustee. This trustee resigned the said trust prior to January 1, 1925, and the defendant was duly and regularly appointed and qualified as successor to the office of trustee in this mortgage.

The complainant was duly organized as a corporation under the general laws of the state of Delaware on February 7, 1920. The mortgagor, the Pratt Consolidated Coal Company, a corporation, was in January, 1925, merged into and consolidated with the complainant by agreement, and under the laws of Delaware, and contemporaneously therewith, the Pratt Consolidated Coal Company, the mortgagor, conveyed to the merged corporation, complainant, all of its lands and interests in lands, including all property herein described, subject to the lien of this mortgage.

The complainant on January 15, 1926, entered into a contract with Walter Moore for the sale to him of the land and interest in lands mentioned in the bill for the sum of $1,200,000. This property is subject to the mortgage. This land and this interest in lands contracted to be sold to Moore are outlying lands or interest in lands, and not within the main body or tracts of its lands; and it is not being used by complainant, and is producing no income.

This mortgage contains this provision as to a sale of any of this land by the mortgagor:

"The party of the first part shall have the right to sell any of its outlying land or interest in land [that is land not within the main body of the main tracts of land covered by the lien of this deed of trust], whenever the board of directors of the party of the first part shall pass a resolution authorizing such sale, stating the

price to be paid for the land sold, and as often as a sale is made by the party of the first part, the trustee shall release the land sold from the lien of this mortgage or deed of trust, provided, however, that before making such release a certified copy of the resolution passed by the board of directors of the party of the first part and the statement under oath made by the president and treasurer of the party of the first part shall be furnished and filed with the trustee. The said statement under oath shall set forth that said lands are outlying lands, and that the price at which said lands are proposed to be sold is a fair and reasonable market value of such lands, and that it is to the interest of the company and of the bondholders of the company that such sale shall be made, and, before the release of the trustee is delivered, the purchase price of the land sold shall be delivered to the trustee, and any such release shall be without liability as against the trustee; the trustee having the right to rely upon the resolution of the directors and the statement of the officers under oath filed with it as herein required. The funds so deposited with the trustee on any sale of lands made under the provisions of this paragraph may be used by the party of the first part in purchasing additional lands or interest in land, and such funds shall be paid by the trustee to the party of the first part for this purpose."

The mortgage also provides:

"In the event money comes into the hands of the trustee under the provisions of this paragraph on a sale of lands, and the same is not applied for by the company to pay for other lands purchased within one year from the time the money comes into the hands of the trustee, or if the party of the first party gives written notice to the trustee that it will not desire to use said money in purchasing other lands, then said money shall be placed by the trustee with the sinking fund and used as is provided for the use of the sinking fund under the provisions of paragraph 11 hereof."

The complainant alleges it does not need this money in its business, and desires that it be placed in the sinking fund by the trustee and used for the redemption of the bonds mentioned. It clearly appears that the directors, president, and treasurer of the complainant have each fully complied with the requirements of the mortgage to effectuate a sale of these outlying lands and to secure a release of them from the operation of the mortgage. And the respondent, trustee in the mortgage, refused and declined to release said lands from the lien of said mortgage solely for the reason and on the ground only that:

"The board of directors of the Pratt Consolidated Coal Company were entitled to request such release, alleging that it had no authority under the terms of the said mortgage or deed of trust to release any of the lands conveyed thereby, except upon the request of the board of directors of the Pratt Consolidated Coal Company and upon the furnishing and filing with said trustee a certified copy of such resolution passed by the board of directors of the Pratt Consolidated Coal Company,

and the required affidavit of the president and treasurer thereof."

There is only one question, as we see it, presented by the record: Has the complainant, the Alabama By-Products Corporation, the same right to sell and convey the lands mentioned and to have them released from the lien of the mortgage as the Pratt Consolidated Coal Company, the mortgagor, would have had under the same circumstances?

The complainant and the mortgagor, the Pratt Consolidated Coal Company, are both corporations organized under the statutes of the state of Delaware, and the latter was merged into and consolidated with the former in that state under the statute therein (Rev. Code 1915, § 1974) which provides, as set out in the bill, as follows:

"The separate existence of the constituent corporations shall cease, and the consolidated corporations shall become a single corporation in accordance with the said agreement, possessing all the rights, privileges, powers and franchises, as well of a public as of a private nature, and being subject to all the restrictions, disabilities and duties of each of such corporations so consolidated, and all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due on whatever account, as well for stock subscriptions as all other things in action or belonging to each of such corporations shall be vested in the consolidated corporation; and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the consolidated corporation as they were of the several and respective former corporations, and the title to any real estate, whether by deed or otherwise, under the laws of this state, vested in either of such corporations, shall not revert or be in any way impaired by reason of this chapter."

The agreement of consolidation and merger between the two corporations conformed to the Delaware statute, and the Pratt Company, conforming to the statute and agreement, conveyed to the complainant all of its lands and interest in lands, including the property mentioned herein.

By this conveyance of these lands and interest therein by the Pratt Company to the complainant, the equity of redemption in this property was conveyed to the complainant. The complainant thereby holds this land and interest therein subject to this mortgage. The complainant under the merger (statute of Delaware and conveyance to it by the Pratt Company) holds this property as the mortgagor, the Pratt Company, held it. The complainant stands in the shoes of the mortgagor, with the same rights, privileges, and powers of the mortgagor, and is entitled to the same protection. Fidelity & Deposit Co. v. Richeson, 213 Ala. 461, 105 So. 193.

This court in Ala. City, G. & A. Ry. v. Kyle,

202 Ala. 552, 81 So. 54, held that, in ascertaining the powers of a consolidated corporation under statute, the court must look to the agreement of consolidation and the statute under which the consolidated corporation was formed. This Delaware statute under which the merger or consolidation was made expressly states the complainant corporation possesses all and singular the rights, privileges, powers, and franchises of each of said corporations. The agreement of consolidation between the two corporations corresponds to that statute which clearly evidences that complainant under the mortgage has all and singular the rights, privileges, powers, and franchises possessed by the Pratt Consolidated Coal Company thereunder.

This court in Southern Steel Co. v. Hopkins, 157 Ala. 180, 47 So. 274, 20 L. R. A. (N. S.) 848, 131 Am. St. Rep. 20, 16 Ann. Cas. 690, declared this principle applicable here:

"The Alabama Steel & Wire Company having been sued at law on a liability existing prior to the consolidation, the first question is: Can the appellant, the new company, assert the rights, equities, and defenses of the wire company, as set up in the bill in this case? We think there ought to be no doubt about this right. The appellant is the successor in law of the merged companies. It succeeds to all their respective rights, privileges, powers, and franchises, and becomes liable for all their debts, liabilities, and duties, and thus plainly has the right to defend and prosecute suits at law and in equity for the protection of its rights, the same as the original companies could do."

See, also, Ala. T. & N. Ry. Co. v. Tolman, 200 Ala. 449, 76 So. 381.

The general text in 14a Corpus Juris, 1069 § 3657, 3, reads as follows:

"When a consolidation results in the creation of a new corporation, the usual effect of the consolidation statutes is that the consolidated corporation succeeds to the rights, powers, privileges, and immunities of each of the original corporations, except so far as otherwise provided by the act of consolidation or by other applicable statutory or constitutional provisions, or by the limitations of the consolidated corporation's charter. The consolidated corporation takes the rights, powers, privileges, and immunities of the constituent corporations subject to the laws applicable to corporations in existence at the time of consolidation."

[2] The appellant insists the powers vested by the mortgage in the directors, president, and treasurer of the Pratt Consolidated Coal Company was a discretionary power, and could be exercised only by them and not by the directors, president, and treasurer of the complainant. This power by the mortgage is not a personal one. No person is named therein. It is conferred on the directors, the president, and the treasurer, or officials as a class, or virtute officii. This power is not personal, and may be exercised by any persons holding the offices, and the complainant by its directors and president and treasurer by virtue of the contract, statute, and conveyance has the same right, powers, and authority to sell and convey the lands mentioned, and to have them released from the lien of this mortgage that the Pratt Consolidated Coal Company by its directors, president, and treasurer would have had under the same circumstances. 31 Cyc. p. 1100, § 4, headnote 39, and authorities supra.

It results, and we hold, complainant is entitled to the relief it seeks, and the court properly overruled the demurrers to the bill of complaint.

The decree overruling demurrers to the bill of complaint is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.