## SHREVEPORT PRODUCING & REFINING CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7285.

Circuit Court of Appeals, Fifth Circuit.

June 26, 1934.

Rehearing Denied July 23, 1934.

S. L. Herold, of Shreveport, La., for petitioner.

S. E. Blackham and Sewall Key, Sp. Assts. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and John D. Kiley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

On May 31, 1928, the petitioner, a Louisiana corporation, was incorporated and took over all the assets and business of a Delaware corporation of the same name, and the latter was thereupon dissolved. The stock of the old corporation was exchanged for stock of the new share for share. The details of the transfer and of the action taken by the two corporations are stated in Shreveport-El Dorado Pipe Line Co. v. McGrawl (C. C. A.) 63 F.(2d) 202, and need not be repeated here. Petitioner unsuccessfully contended before the Board of Tax Appeals that it was entitled to deduct from its net income earned in 1928 after the transfer prior losses sustained by the Delaware corporation both in the conduct of business and in the sale of stock purchased in 1920. The Board held upon evidence which was amply sufficient to sustain its finding that that stock was worthless when petitioner acquired it by the transfer of assets, and so any loss resulting from the sale of stock was suffered, not by petitioner, but by the Delaware corporation.

Petitioner's contentions that for income tax purposes the business operations of the two corporations should be treated as one during the whole of the taxable year 1928, and that the losses of the old before its dissolution should be set off against the profits of the new subsequent to its incorporation, rest upon the theory that for all practical purposes the corporate entity remained the same; that throughout the year there was but a single taxpayer which in effect had done nothing more than changed its name. This contention and the theory upon which it is based may not, in our opinion, be sustained, but must be rejected, in view of the recent decision of the Supreme Court in New Colonial Ice Co. v. Helvering (U. S.) 54 S. Ct. 788, 78 L. Ed. 1348, decided May 28, 1934. That case, as it seems to us, controls this one, notwithstanding minor distinctions that might be made. It disapproves several cases principally relied on by petitioner, and cites with approval Athol Mfg. Co. v. Commissioner, 22 B. T. A. 105; Id. (C. C. A.) 54 F.(2d) 230, a case which is not distinguishable in principle from the case at bar.

On the authority of New Colonial Ice Co. v. Helvering, supra, we hold that petitioner was not entitled to deduct from its net income the loss sustained by the Delaware corporation during the taxable year.

The petition for review is denied.