THE ASPINOOK CORPORATION, Successor by Consolidation to ARNOLD PRINT WORKS, INC.[1] *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. May 1, 1950. — September 13, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Corporation*, Consolidation of corporations, Taxation, Foreign corporation. *Taxation*, Appellate Tax Board: appeal to board, parties; Corporate excise. *Conflict of Laws*. *Words*, "Consolidation," "Dissolution," "Party aggrieved."

The law of Delaware governed the effect to be given to a consolidation of two Delaware corporations in determining whether the new corporation resulting from the consolidation was a "party aggrieved" by a refusal of the commissioner of corporations and taxation to abate a corporate excise assessed to one of the constituent corporations as a

---

[1] This is precisely the caption used by the appellant in its appeal to the Appellate Tax Board. As its form is not wholly without significance, we adopt it as the title of the cause.

Aspinook Corp. *v.* Commissioner of Corporations & Taxation.

foreign corporation before the consolidation and was entitled to prose-
cute an appeal from such refusal to the Appellate Tax Board under
G. L. (Ter. Ed.) c. 63, § 71, as appearing in St. 1945, c. 523, § 3.

Under § 2092 of the Revised Code of Delaware, 1935, being § 60 of the
general corporation law, as appearing in Laws of Delaware, 1941,
c. 132, § 15, the new corporation resulting from a consolidation of two
Delaware corporations was a "party aggrieved" by a refusal of the
commissioner of corporations and taxation to abate a corporate excise
assessed to one of the constituent corporations as a foreign corpora-
tion before the consolidation and was entitled to prosecute an appeal
from such refusal to the Appellate Tax Board under G. L. (Ter. Ed.)
c. 63, § 71, as appearing in St. 1945, c. 523, § 3; § 2074 of the Revised
Code of Delaware, 1935, being § 42 of the general corporation law, as
appearing in Laws of Delaware, 1941, c. 132, § 11, was inapplicable.

APPEAL from a decision by the Appellate Tax Board.

*H. B. Holland, (A. H. Cox* with him,) for the taxpayer.

*F. E. Kelly,* Attorney General, & *H. W. Radovsky,* Assist-
ant Attorney General, for the commissioner of corpora-
tions and taxation, submitted a brief.

QUA, C.J. An appeal describing the appellant as in the
foregoing caption was taken to the Appellate Tax Board
from the refusal of the commissioner to abate an excise tax
assessed in the year 1948 to, and paid by, Arnold Print
Works, Inc., under G. L. (Ter. Ed.) c. 63, §§ 39, 44, as most
recently amended by St. 1936, c. 362, §§ 6, 7. Arnold Print
Works, Inc., was a foreign corporation organized under the
laws of Delaware. It operated a factory at Adams in this
Commonwealth. On November 19, 1948, that corporation
filed with the commissioner a proper application for abate-
ment of the tax. § 51. On December 18, 1948, Arnold
Print Works, Inc., consolidated under Delaware law with
another Delaware corporation known as The Lawrence
Print Works, Inc. The resulting consolidated corporation
took the name of The Aspinook Corporation. On March 4,
1949, the commissioner "notified the Arnold Print Works,
Inc." of his decision granting an abatement in part only.
On April 1, 1949, The Aspinook Corporation filed an ap-
peal to the board entitled as hereinbefore indicated. G. L.
(Ter. Ed.) c. 63, § 71, as appearing in St. 1945, c. 523, § 3.
The commissioner moved to dismiss the appeal on the

ground that The Aspinook Corporation was not a "party aggrieved" by the assessment against Arnold Print Works, Inc., or by the refusal of the commissioner to abate that assessment. The board allowed the motion, and The Aspinook Corporation appealed to this court.

In our opinion the board erroneously dismissed the appeal.

Since the Delaware consolidation related to the existence and structure of Delaware corporations, its effect must be determined by the law of Delaware. *Title Guarantee Loan & Trust Co.* v. *Alabama By-Products Corp.* 214 Ala. 486. *Graeser* v. *Phoenix Finance Co.* 218 Iowa, 1112, 1121–1124. *Riddell* v. *Rochester German Ins. Co.* 35 R. I. 45. See as to dissolutions *Michigan State Bank* v. *Gardner,* 15 Gray, 362, 373; *Olds* v. *City Trust, Safe Deposit & Surety Co.* 185 Mass. 500, 503–506; Restatement: Conflict of Laws, §§ 157–161.

The Revised Code of Delaware, 1935, in § 2091, being § 59 of the general corporation law, as amended by Laws of Delaware, 1941, c. 132, § 12, defines in detail the method by which Delaware corporations may agree to consolidate or merge. Section 2092, being § 60 of the general corporation law, as appearing in Laws of Delaware, 1941, c. 132, § 15, reads, "Sec. 60. Consolidation or Merger; Status of Old and New Corporations: — When an agreement shall have been signed, acknowledged, filed and recorded, as in Section 59, Section 59B, or in Section 59C of this Chapter is required, for all purposes of the laws of this State the separate existence of all the constituent corporations, parties to said agreement, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease and the constituent corporations shall become a new corporation, or be merged into one of such corporations, as the case may be, in accordance with the provisions of said agreement, possessing all the rights, privileges, powers and franchises as well of a public as of a private nature, and being subject to all the restrictions, disabilities

and duties of each of such corporations so consolidated or merged, and all and singular, the rights, privileges, powers and franchises of each of said corporations, and all property, real, personal and mixed, and all debts due to any of said constituent corporations on whatever account, as well for stock subscriptions as all other things in action or belonging to each of such corporations shall be vested in the corporation resulting from or surviving such consolidation or merger; and all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the resulting or surviving corporation as they were of the several and respective constituent corporations, and the title to any real estate vested by deed or otherwise, under the laws of this State, in any of such constituent corporations, shall not revert or be in any way impaired by reason of this Chapter; provided, however, that all rights of creditors and all liens upon any property of any of said constituent corporations shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thence forth attach to said resulting or surviving corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it." See also § 2094, being § 62 of the general corporation law, which provides that any action or proceeding against any of the consolidated corporations may be prosecuted to judgment as if such consolidation had not taken place, or the resulting corporation may be substituted in its place.

The Court of Chancery of Delaware has said of § 60, "When a consolidation or merger has taken place under the statute, the old corporations have their identity absorbed into that of the new corporation or the one into which they were merged." *Argenbright* v. *Phoenix Finance Co.* 21 Del. Ch. 288, 292. According to our best judgment it was not intended that consolidation of two corporations under the Delaware law should for all purposes work a complete termination of the existence of each of the con-

stituent corporations as if those corporations had been separately dissolved. We think that the intent was rather that the existence of each corporation should be merged and integrated into and "absorbed" within the consolidated corporation, which should thereupon become entitled to all the property and rights, including "franchises," and should be subject to all the liabilities and duties of the constituent corporations. There is to be no liquidation of the constituent corporations as would be expected in case of a complete dissolution. Consolidation and dissolution are in a sense inconsistent terms. Under the Delaware statute it is only "the *separate*[1] existence of all the constituent corporations" which "shall cease." From the moment of consolidation the "existence" of each of these corporations is to be a combined existence manifested solely through and operating in the name of the consolidated corporation. It is true that the constituent corporations have lost their separate identities, and in that sense have been extinguished. But, as was said in *Proprietors of Locks & Canals on Merrimack River* v. *Boston & Maine Railroad,* 245 Mass. 52, at page 58, "When different corporations are consolidated, commonly the franchises, privileges, rights and properties continue their existence, to be enjoyed and exercised by the new or enlarged or reorganized corporate entity." See *Commonwealth-Atlantic National Bank, petitioner,* 249 Mass. 440, 444, 450. Compare *Worcester County National Bank, petitioner,* 263 Mass. 444. In *Deitrick* v. *Siegel,* 313 Mass. 612, this court held that after consolidation of a trust company with a national bank, the consolidated bank was the "original payee" within G. L. (Ter. Ed.) c. 260, § 1, Third, of a note made payable to the Trust company before the consolidation. In *Consolidated Paper Co.* v. *United States,* 59 Fed. (2d) 281, certiorari denied, 288 U. S. 615, it was held that the corporation resulting from a consolidation could recover an overpayment of income tax made by one of the constituent corporations. And in *Stanton Brewery, Inc.* v. *Commissioner of Internal Revenue,* 176 Fed. (2d) 573, it was

---

[1] Emphasis supplied.

held by a divided court that after a merger, the resulting corporation was entitled, in determining its adjusted excess profits net income, to carry over the unused excess profits credits of one of its components for the two years preceding the merger. Compare *Jones* v. *Noble Drilling Co.* 135 Fed. (2d) 721, 723–724. See *Helvering* v. *Metropolitan Edison Co.* 306 U. S. 522, 529; *American Shipbuilding Co.* v. *Commonwealth Steamship Co.* 215 Fed. 304; *Phillips* v. *Lyman H. Howe Films Co.* 33 Fed. (2d) 891; *Alaska Salmon Co.* v. *Commissioner of Internal Revenue,* 39 B. T. A. 455; *Lehn & Fink Products Corp.* v. *Commissioner of Internal Revenue,* 7 T. C. 287, 313–317. Without attempting to make a statement of universal application, so far as concerns recovery of a tax wrongly assessed, The Aspinook Corporation is Arnold Print Works, Inc., under another name, and the appeal to the board stands in no different position than as if there had been nothing more than a change of name under Delaware law. *Day* v. *Worcester, Nashua & Rochester Railroad,* 151 Mass. 302.

In our opinion, § 2074 of the Revised Code of Delaware, 1935, being § 42 of the general corporation law, as appearing in Laws of Delaware, 1941, c. 132, § 11, has no bearing upon the case. That is the common provision by which a corporation whose charter has expired or which is otherwise dissolved is nevertheless continued for a specified time for the purposes of prosecuting or defending suits, settling its affairs, disposing of its property and dividing its capital stock. Compare G. L. (Ter. Ed.) c. 155, § 51. This section has no application to a consolidation where there is to be no liquidation.

We are aware of nothing in the law of this Commonwealth that prevents us from giving to the consolidation under Delaware law the full effect which we think it was intended to have. It is plain that if the tax in question had not been assessed the money with which Arnold Print Works, Inc., paid the tax would now be in the coffers of The Aspinook Corporation. If the tax has been wrongly assessed that corporation has in reality suffered the loss. Justice would

now be done by repayment to it. In our opinion The Aspinook Corporation is a party aggrieved by the decision of the commissioner and was entitled to prosecute its appeal before the board under G. L. (Ter. Ed.) c. 63, § 71, as appearing in St. 1945, c. 523, § 3. There is nothing to the contrary in *Hough* v. *North Adams*, 196 Mass. 290, *Dunham* v. *Lowell*, 200 Mass. 468, *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, or any of the other cases cited by the commissioner.

The order of the board dismissing the appeal is reversed, and the appeal is to stand for hearing before the board.

*So ordered.*