GOOD WILL DISTRIBUTORS (NORTHERN), INC. v. EUGENE. G. SHAW, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 20 November, 1957)

1. **Taxation § 23½—**

   Where it is necessary to apply a taxing statute to a factual situation not contemplated when the statute was enacted, resort may be had to all other statutory provisions which may assist in a proper application of the statute in question.

2. **Corporations § 32—**

   Upon the merger of corporations, one corporation survives and the corporate existence of the other parties to the merger ceases, and the surviving corporation becomes vested with all of the rights which each party to the merger could exercise, but the merger does not create new or additional rights. G.S. 55-165, G.S. 55-166.

3. **Taxation § 23½—**

    Statutory provision permitting exemption from tax liability should be construed so as to bring within the exemption only those clearly entitled to its provision.

4. **Taxation § 29—**

    Whether a successor corporation is entitled to deduct from its gross income an economic loss sustained by another corporation depends upon whether the successor corporation is for practical purposes the same and is engaged in continuing the business of the kind and character conducted by the corporation whose loss is claimed as a deduction.

5. **Same—Right of corporation surviving merger to deduct loss carry-over of submerged corporation.**

    Where a corporation surviving a merger seeks to establish its right to deduct from its gross income an economic loss of one of its submerged corporations for a prior year as a carry-over under G.S. 105-147(6d), and it appears from the facts alleged that the submerged corporation had a profit in the months of the fiscal year prior to the merger and that it had deducted its prior economic loss from such net income, leaving a balance on the loss side, and further, that as far as the facts alleged disclosed, to allow the surviving corporation to make such deduction would result in reducing the surviving corporation's income tax liability which had accrued on the date of the merger, judgment on the pleadings permitting the surviving corporation to make such deduction must be reversed.

APPEAL by defendant from *Rudisill, J.,* May Term 1957 of GASTON.

The pleadings establish these facts:

Goodwill Distributors (Northeast) Inc. was incorporated under the laws of North Carolina on 31 July 1951. On 2 April 1953 it changed its name to Catholic Books (Northeast) Inc.

Good Will Distributors (Northeastern) Inc. was incorporated under the laws of North Carolina on 1 January 1953. On 27 April 1954 it changed its name to Good Will Distributors (Northern) Inc.

Good Will Distributors (Mid-Atlantic) Inc. was incorporated under the laws of North Carolina on 31 January 1953.

On 1 July 1954 Catholic Books (Northeast) Inc. and Good Will Distributors (Mid-Atlantic) Inc. were merged with and into Good Will Distributors (Northern) Inc. as permitted by Art. 16, Ch. 55, N. C. General Statutes.

Good Will Distributors (Mid-Atlantic) Inc. sustained an economic loss of $9,587.75 between the date of its incorporation and 31 October 1953, the end of its first fiscal period. Between 31 October 1953 and 1 July 1954 it had a net taxable income of $1,758.93 which was deducted from its prior net loss, leaving it with an economic net loss of $7,828.82.

Good Will Distributors (Northern) Inc., when it filed its income tax return for the fiscal year ending 31 October 1954, deducted from its earnings and taxable income the sum of $7,828.82, the difference between the net economic loss sustained by Good Will Distributors (Mid-Atlantic) Inc. during its first fiscal year and its taxable income to the date of the merger in its second fiscal year.

The Commissioner of Revenue held that the deduction was not permissible and assessed a tax against plaintiff in the sum of $564.23. The tax assessed was paid under protest; demand for the amount so paid was made and refused. Plaintiff then brought this suit to recover the amount paid with interest thereon.

When the cause was called for trial, plaintiff moved for judgment on the pleadings. The motion was allowed and defendant appealed.

*Whitener & Mitchem for plaintiff appellee.*
*Attorney General Patton and Assistant Attorneys General Abbott and Behrends for defendant appellant.*

RODMAN, J. This case requires a construction of G.S. 105-147 (6d) which permits, under certain conditions, a deduction of a prior economic loss from current gross income to determine taxable income. We must apply "legislative intent" to a factual situation which we feel certain was not contemplated when the statute was enacted. Hence to determine the proper application of that statute to the facts of this case, we do not confine ourselves to that particular section of the tax law but look at all other statutory provisions which may assist in finding an answer to the question presented.

Express statutory authority is given domestic corporations to merge, G.S. 55-165. When the merger is consummated, one corporation survives and the corporate existence of the other parties to the merger ceases. The surviving corporation becomes vested with "all the rights, privileges, powers and franchises . . . of each of said constituent corporations . . . and (they) shall be thereafter as effectually the property of the surviving corporation as they were of the several and respective constituent corporations. . . ." G.S. 55-166.

The language is clear and specific. The surviving corporation, plaintiff here, is vested with all of the rights which each party to the merger could exercise but only those rights. A merger does not create new or additional rights. Having ascertained that plaintiff has all of the rights which the parties to the mer-

ger could exercise and only those rights, we turn to the statutory provisions relating to the computation and assessment of income taxes.

We find every domestic corporation is required to pay a tax on its net income received during the income year, G.S. 105-134. Net income is gross income less allowable deductions, G.S. 105-140. Gross income is defined in G.S. 105-141. No question with respect to gross income is presented by this case.

What deductions may plaintiff, the survivor, take to determine its net income? May it, as it asserts and the court adjudged, deduct from *its* gross income an economic loss sustained prior to the merger by another party thereto?

Ever since the adoption of our first income tax statute a *taxpayer* has been permitted to deduct certain losses in computing his net income. Prior to 1943 a loss could only be deducted in the income year in which the loss was sustained. The 1943 Legislature broadened the statute and permitted the taxpayer to carry forward certain kinds of losses as a deduction against income accruing in either of the two succeeding tax years. S.L. 1943, Ch. 400. The 1945 Legislature rewrote that portion of the Act dealing with the deduction of loses. See Sec. 4, Ch. 708, S.L. 1945. The Act is substantially the law today and is applicable to the facts of this case.

Statutory provision permitting exemption from tax liability should be so construed as to bring within the exemption only those clearly entitled to its provisions. *Sabine v. Gill*, 229 N.C. 599, 51 S.E. 2d 1; *Henderson v. Gill*, 229 N.C. 313, 49 S.E. 2d 754; *White v. U. S.*, 305 U.S. 281, 83 L. ed. 172, 59 S.C. 179. Applying this principle to this very provision, it was said by Denny, J., in *Rubber Co. v. Shaw*, 244 N.C. 170, 92 S.E. 2d 799: "Our Legislature was under no constitutional or other legal compulsion to allow any carry-over to be deducted from taxable income in a future year. It enacted the carry-over provisions purely as a matter of grace, gratuitously conferring a benefit but limiting such benefit to the net economic loss of the taxpayer after deducting therefrom the allocable portion of such taxpayer's nontaxable income."

Most of the cases involving the right of one corporation to claim as a deduction from its income a loss sustained by another corporation have arisen under Federal income or excess profits acts. The right of a successor corporation taking by conveyance, or a corporation resulting from a consolidation of corporations, or a corporation surviving as the result of a merger, to claim a loss sustained by another corporation, party to the consolidation or merger, has been repeatedly denied on the ground that the corporation claiming the deduction was not the taxpayer

within the meaning of the statute. See *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 78 L. ed. 1348, 54 S.C. 788; *Shreveport Producing & Refining Co. v. Commissioner of Int. Revenue*, 71 F. 2d 972; *Brandon Corporation v. Commissioner of Int. Revenue*, 71 F. 2d 762; *Pennsylvania Co. Etc. v. Commissioner of Internal Rev.*, 75 F. 2d 719; *Weber Flour Mills Co. v. Commissioner of Internal Revenue*, 82 F. 2d 764; *Standard Paving Co. v. Commissioner of Internal Rev.*, 190 F. 2d 330.

On the other hand, the right to deduct has been allowed where the transaction was a mere matter of form and the new or surviving corporation was for all practical purposes the same as the old, continuing the business of its predecessor. *Industrial Cotton Mills Co. v. Commissioner of Int. Rev.*, 61 F. 2d 291; *Helvering v. Metropolitan Edison Co.*, 306 U.S. 522, 83 L. ed. 957, 59 S.C. 634; *Stanton Brewery v. Commissioner of Internal Revenue*, 176 F. 2d 573; *Newmarket Manufacturing Company v. U. S.*, 233 F. 2d 493. These cases emphasize the necessity of a continuing business of the kind and character conducted by the corporation whose loss is claimed as a deduction from income earned by another.

The right of a corporation surviving a merger to claim losses sustained by another member of the merger was presented to the Supreme Court of the United States in *Lisbon Shops v. Koehler*, decided in May of this year, 353 U.S. 382, 1 L. ed. 2d 924, 77 S.C. 990. The Court said: "The issue before us is whether, under Secs. 23 (s) and 122 of the Internal Revenue Code of 1939, as amended, a corporation resulting from a merger of 16 separate incorporated businesses, which had filed separate income tax returns, may carry over and deduct the pre-merger net operating losses of three of its constituent corporations from the post-merger income attributable to the other businesses. We hold that such a carry-over and deduction is not permissible."

We think the reason there assigned for denying the right to deduct is sound and is applicable to the facts of this case.

Here the right to deduct was adjudged to exist on the facts alleged in the complaint. The facts alleged are important in determining the right, but of equal or greater importance to that right are facts *not alleged*. The complaint alleges the merger on 1 July 1954 of three domestic corporations whose fiscal year terminated 31 October. One of these corporations had an economic loss for the year ending 31 October 1953. That corporation had a net income to the date of the merger. It applied its loss to its net income, leaving a balance on the loss side. The survivor corporation, for the year ending 31 October 1954, had an income equal to or greater than the net loss of the submerged

corporation. The survivor sought to apply this loss against *its* net income. It filed claim for refund, which was denied.

The complaint does *not* tell any of these material and important facts: What kind of business did each of the corporations do before the merger? Were they competitors in the same field or were they engaged in different kinds of businesses? Did they engage in business in the same or different territories? Was the same character of business conducted after the merger and in the same territories in which the constituent companies had operated prior to the merger? As bearing on the capacity to earn income, what was the relative net worth of the different corporations on the date of the merger? What part of plaintiff's income, which it now wishes excluded from tax liability, was in fact earned prior to the merger?

It is we think manifest that "Mid-Atlantic," one of the submerged corporations, could not on 1 July sell to plaintiff "Mid-Atlantic's" loss to be used by plaintiff to reduce plaintiff's income tax liability accrued to that date. Yet so far as the facts disclose, that is exactly the result accomplished if the judgment should be affirmed.

It is noted that "Mid-Atlantic," the submerged corporation, had, during the seventeen months of its corporate existence, an average monthly income of $103.47. During the first eight months of the fiscal year in which the merger took place and when it was alive and active in business, its monthly income averaged $219.75, but in the four months following its drowning it is credited with having a monthly earning capacity of $1,982.20. This attributes to a dead corporation a monthly earning capacity more than nine times what it was able to produce per month when alive.

"The availability of this privilege depends on the proper interpretation to be given to the carry-over provisions. We find nothing in those provisions which suggest that they should be construed to give a 'windfall' to a taxpayer who happens to have merged with other corporations. The purpose of these provisions is not to give a merged taxpayer a tax advantage over others who have not merged." *Libson Shops v. Koehler, supra.*

Continuity of business constitutes a sound basis for permitting the successor corporation to carry over the loss. The Commissioner of Revenue in his regulation promulgated shortly after this provision of our law became effective said: "The Commissioner construes this Amendment to be a relief provision designed to modify to the extent hereinafter indicated the effects of the strict annual accounting rule on those taxpayers who have incurred economic misfortune, or who are engaged in

businesses the income of which fluctuates greatly from year to year." Income Tax Regulation No. 2, issued 10 February 1944.

Plaintiff cites and relies on *Aspinook Corp. Suc. v. Commission of Corp. & Tax.*, 326 Mass. 327, 94 N.E. 2d 366. That case depended on the right of plaintiff to maintain an action to recover a tax illegally assessed against a corporation which merged with the plaintiff, the assessment antedating the merger. The question there presented is entirely different from the question here under consideration.

When one examines the statutory provisions relating to consolidation and mergers, it is difficult to think that the Legislature intended to make a tax distinction between a merged and a consolidated corporation, allowing the survivor of a merger to claim the right to carry over but denying that right to a corporation resulting from a consolidation. That would be looking at form rather than substance. It would seem that a far more logical and equitable method of determining tax liability would be to apply the yardstick prescribed for subsidiary and affiliated corporations, G.S. 105-143, but that question is not before us. We are not called upon to determine what relief, if any, plaintiff might be entitled to upon a further development of the facts. The judgment is

Reversed.