Cabot Corp. *v.* State Tax Commission.

Cabot Corporation *vs.* State Tax Commission.

Suffolk.    March 10, 1966. — April 4, 1966.

Present: Wilkins, C.J., Spalding, Cutter, Spiegel, & Reardon, JJ.

*Taxation,* Corporate excise.

The portion of the excise imposed under G. L. c. 63, § 32 (a) (2), as amended, upon a domestic corporation cannot have a measure in excess of the corporation's total net income as defined in § 30, par. 5.    [520]

Where a domestic manufacturing company in its excise return for 1960 declared as items of gross income interest allocated entirely to Massachusetts by G. L. c. 63, § 37, substantially in excess of its total net income, and profits and other income greatly in excess of the interest item, and showed allowable deductions more than the interest item but less than the gross income, and allocated to Massachusetts the whole of its net income and had no "remainder of the net income as defined in section thirty" to be allocated under § 38, treatment by the commissioner of corporations and taxation of the interest item as being the corporation's net income taxable in Massachusetts and the measure of its excise under § 32 (a) (2), without consideration of allowable deductions, was without statutory basis, and an additional excise assessed on the corporation by the commissioner on the basis of such treatment by him must be abated.    [519, 520]

Appeal from a decision by the Appellate Tax Board.

*Harry K. Mansfield* for the appellant.

*Herbert E. Tucker, Jr.,* Assistant Attorney General (*Vincent J. Celia* with him), for the State Tax Commission.

___

Cabot Corp. *v.* State Tax Commission.

CUTTER, J. This case involves the net income measure of the 1960 corporation excise assessed under G. L. c. 63, § 32, with respect to Cabot Shops, Inc. (Shops), a Massachusetts corporation, which on September 30, 1960, was merged into Cabot Corporation (Cabot), a Delaware corporation. Cabot thereafter performed various procedural acts as successor to Shops by statutory merger.[1] For purposes of the Massachusetts 1960 excise, Shops was a domestic manufacturing corporation (G. L. c. 63, § 38C, as amended by St. 1937, c. 383, § 1; later amended by St. 1964, c. 723, § 3).[2]

The situation before us in most respects resembles that considered in *Smith Meal Co. Inc.* v. *State Tax Commn., ante,* 509, with which this case was argued. The applicable provisions of the excise tax law, so far as relevant to our decision, have been set out in the *Smith Meal Co.* case, at pp. 510–511, in fn. 1, except for § 38C, mentioned above, and for certain allocation formulae in § 38,[3] most of which it

---

[1] Properly, no question is raised based upon the statutory merger which took place precisely at the close of Shops' taxable year ended September 30, 1960. See G. L. c. 156, § 46D (as amended through St. 1959, c. 180, § 3); *Aspinook Corp.* v. *Commissioner of Corps. & Taxn.* 326 Mass. 327, 332–333.

[2] Section 38C, as thus amended, reads in part, "Every [c. 156] corporation . . . engaged in manufacturing shall . . . be deemed to be a domestic manufacturing corporation. Every . . . [such] corporation shall be taxed in the same manner and shall have the same duties under this chapter as a domestic business corporation, except in so far as . . . the excise . . . may be affected by reason of the exemption from local taxation of the machinery of a domestic manufacturing corporation. . . ."

[3] Section 38 (as amended through St. 1933, c. 342, § 3) reads in part, "Income of the classes described in the preceding section having been allocated, the remainder *of the net income as defined in section thirty* shall be allocated as follows: 1. If the corporation carries on no business outside the commonwealth, the whole of said remainder shall be allocated to this commonwealth. 2. If the corporation carries on any business outside the commonwealth, the said remainder shall be divided into three equal parts: (a) Of one third, such portion shall be attributed to business carried on within the commonwealth as shall be found by multiplying said third by a fraction whose numerator is the value of the corporation's [Massachusetts] tangible property . . . and whose denominator is the value of all the corporation's tangible property . . . . (b) Of another third, such portion shall be attributed to business carried on within the commonwealth as shall be found by multiplying said third by a fraction whose numerator is the [Massachusetts] expenditure of the corporation for wages . . . or other compensation to its employees . . . and whose denominator is the total expenditure of the corporation for wages . . . or other compensation . . . . (c) Of the remaining third, such portion shall be attributed to business carried on within the commonwealth as shall be found by multiplying said third by a fraction whose numerator is the amount of the corporation's gross receipts from business assignable to . . . [Massa-

was not necessary to quote in the *Smith Meal Co.* case. As in that case, no question is now raised with respect to the "corporate excess" measure of the excise. See § 32 (a) (1), as amended. The application of the statutes, in determining the net income measure of Shops' 1960 excise under § 32 (a) (2), involves an income situation slightly different from that considered in the *Smith Meal Co.* case.

On December 14, 1960, Shops filed its 1960 excise return, and paid the excise thereby shown to be due. In this return, Shops included as required (sch. F-1) a copy of its Federal income tax return for the taxable year ended September 30, 1960. Significant items of income and deductions shown on this schedule are set out in the margin.[4]

chusetts] and whose denominator is the amount of the corporation's gross receipts from all its business'' (emphasis supplied). Other portions of § 38 need not be quoted. The amendment of § 38 by St. 1960, c. 553, did not take effect until after September 30, 1960. See Dane, Mass. Tax Legislation, 1954–1964, p. 73. The amendment of § 32 by St. 1958, c. 406, § 1, affected only § 32 (b), and that by St. 1960, c. 548, § 4, was by § 11 of c. 548, made applicable only to taxable years commencing after December 31, 1960. Sections 32, 37 and 38A, as quoted in the *Smith Meal Co.* case, which dealt with a 1959 excise, thus also reflect the statutory situation applicable to this 1960 excise.

4
INCOME

| Item | | |
|---|---|---|
| 3. | Gross profit | $2,855,992.66 |
| 5. | Interest (U. S. obligations) | 125.00 |
| 6. | Other interest | 177,917.23 |
| 8. | Net losses | (4,676.56) |
| 9. | Other income | 60,513.96 |
| 10. | Total income | $3,089,872.29 |

DEDUCTIONS

| Item | | | |
|---|---|---|---|
| 12. | Salaries and wages | $401,749.57 | |
| 15 (a) | Taxes | 24,688.63 | |
| (b) | Interest | 243,064.72 | |
| 14, 19, 20, 21— | Miscellaneous (including bad debts, rents, depreciation, advertising, pensions, profit sharing, and annuity plans) | 361,259.18 | |
| 22. | Other deductions | 2,010,941.16 | |
| 23. | Total deductions | | $3,041,703.26 |
| 24. | Taxable income before net operating loss deductions (essentially "net income") | | $    48,169.03 |

Shops (sch. F of return) allocated the whole of its net income shown by this return (item 24) to Massachusetts. The specific allocation (under § 37) of interest ($178,042.23) to Massachusetts was in excess of Shops' total net income of $48,169.03. Shops thus had no balance of net income to be allocated under § 38 (see fn. 3), although it (cf. the *Smith Meal Co.* case) did have gross income very greatly in excess of the items of gross income specifically allocated to Massachusetts under § 37.

In 1962, the commissioner assessed an additional 1960 excise of $6,990.46. He in effect treated the whole amount of interest ($178,042.23) received by Shops in its 1960 taxable year as its 1960 net income taxable in Massachusetts. Accordingly, he gave to Shops no benefit of any part of the deductions allowable to it in computing its net income. The additional excise was paid with interest ($517.81) on August 27, 1962.

Cabot (as successor to Shops) thereupon applied for an abatement of the additional excise, and, upon the denial of that application, appealed to the Appellate Tax Board (the board). The facts were agreed. The board rendered a decision for the commission without filing an opinion explaining its action. It denied Cabot's requests for rulings, in effect that, under § 32 (a) (2) and § 38A, the amount of Shops' income allocated to Massachusetts could not exceed its net income as defined in § 30, par. 5. Cabot then appealed to this court.

We need discuss only one difference between this case and the *Smith Meal Co.* case, viz. that in 1960 Shops (unlike Smith Meal Company, Inc. in 1959) had gross income of a type which would have been subject to allocation under § 38, if (a) such gross income had exceeded the allowable deductions, and (b) its gross income specifically allocable under § 37 had not exceeded its total net income. This difference, we think, does not support the additional excise.

The framers of § 37 and § 38 may have thought that in the great majority of cases there would be a balance of net income to be allocated by the part of the allocation formula

found in § 38.  In such cases, the allowable deductions would be substantially reflected in the application of that part of the formula.  In other cases, however, where only allocations under the portion of the formula found in § 37 can be given any effect, the existence of the provisions of § 38 does not mean that § 37 is to be applied otherwise than as a part of the method of allocating *net* income.  Section 37 does not provide a *gross* income measure for the *net* income portion of the excise.  See § 32 (a) (2).  In view of what has been said above and in the *Smith Meal Co.* case, we hold that the portion of the excise imposed under c. 63, § 32 (a) (2), as amended, cannot have a measure in excess of total net income as defined in § 30, par. 5.

Shops (and Cabot) have not asked for more than the abatement of the additional excise.  Accordingly, it is not necessary now to consider whether c. 63 may require, in some circumstances differing from those considered in the *Smith Meal Co.* case, an allocation of allowable deductions to items of gross income specifically assigned under § 37.

The board's decision is reversed.  The additional excise is to be abated with interest.  Cabot is to have costs.

*So ordered.*